WESTERN UNION TELEGRAPH COMPANY v. BELLA MORRIS ET AL.

No. 6424.

**1. Presentation of Claim Against Telegraph Company.**—Within sixty days plaintiffs presented a claim against the defendant, the telegraph company, for the "sum of $50 actual and $5000 exemplary damages" for negligence in failing to deliver a dispatch. Suit was brought for said sums. By amendment plaintiffs claimed $5000 actual and the same as exemplary damages. · A verdict was rendered for plaintiff for $500 actual damages. *Held*, that the plaintiff should not be prejudiced by his classification of the damages, and judgment upon the verdict was approved.

**2. Case Adhered to.**—Stuart v. Western Union Telegraph Company, 66 Texas, 580, adhered to.

APPEAL from Dallas. Tried below before Hon. George N. Aldredge. The opinion states the case.

*Stemmons & Field*, for appellant.—The damages sued for in this action, except the amount paid for transmitting the message, are in law exemplary damages, and the proof in the case is insufficient in law to justify a verdict of exemplary damages. Railway v. Levy, 59 Texas, 542, 563; Johnson v. Wells-Fargo Co., 6 Nev., 224; Wyman v. Leavitt, 71 Mass., 227; Wood's Mayne on Dam., p. 74, and note; Lumming v. Williamston, 1 Cush., 452; Lynch v. Knight, 9 H. L., 577; 2 Greenl. on Ev., sec. 267, and note 1; 2 Thomp. on Neg., p. 1258; Black v. Carrington, 10 La. Ann., 33; Whart. on Neg., sec. 756; 2 Kent's Com., p. 195; Sedg. on Dam., 7 ed., p. 29, note a; Wilson v. Young, 31 Wis., 574; Walsh v. Railway, 42 Wis., 23; Jack v. Dunkard, 85 Ill., 331; Flemingston v. Smithers, 2 C. & P., 292; Sherm. & Redf. on Neg., secs. 557, 608; Logan v. Tel. Co., 84 Ill., 461; Boone v. Danville, 53 Vt., 190; Bige. Lead. Cases, sec. 19; Field on Dam., sec. 630; 3 Suth. on Dam., p. 715; 24 Am. Rep., 377; 36 Am. Rep., 303.

No brief for appellees reached the Reporter.

. HENRY, Associate Justice.—This suit was brought to recover damage for mental pain of the wife of the plaintiff, caused by the failure of defendant to deliver a telegraphic message.

The contract with regard to sending the message contained a clause to the effect that the telegraph company should not be held liable in any case where the claim should not be presented to it within sixty days after the message was sent. Plaintiff presented a claim within the stipulated time for the "sum of $50 actual damage and $5000 exemplary damage," otherwise sufficiently describing his cause of action. By an amended petition plaintiff prayed for the recovery of $5000 exemplary and $5000 actual damages.

The court charged upon the issue of actual damage alone. The jury returned a verdict in favor of plaintiff for $500.

Appellant complains of the refusal of the court to charge at its request that appellant having presented a claim for $50 only actual damage could not recover a greater sum. Without deciding that the plaintiff would have been under any circumstances estopped from claiming a greater amount than the claim was presented for when the notice given was in other respects sufficient, we are of the opinion that he ought not to be prejudiced by his classification of the damage as actual and exemplary. The claim presented was for $5050 damage in the aggregate, and served in all respects to give defendant the information stipulated for.

The other question raised by the assignment of errors has been settled by this court against the contentions of the appellant. Stuart v. Western Union Tel. Co., 66 Texas, 580.

The judgment is affirmed.

*Affirmed.*

. Delivered May 6, 1890.