Western Union Telegraph Company v. G. M. Murray.

Decided April 16, 1902.

**1.—Telegraph Company—Delayed Message—Damages Too Remote.**

Plaintiff's wife had been notified that her brother was dangerously ill, and as there was a failure to deliver a second telegram announcing his death, and that it was from smallpox, she went with her young baby to his home, and learning there that he had died of smallpox, was compelled to wait out in the cold and rain until she could get a carriage back to the depot, whereby she contracted malaria and was sick for a long time and incurred medical and drug bills, etc. Held, that the damage resulting from her having to wait outside for a carriage and from the sickness consequent thereupon were too remote.

**2.—Same—Claim Within Ninety Days.**

Where the contract for the transmission of a telegram provided the company would not be liable for damages or statutory penalties in any case where the claim was not presented within ninety days, and plaintiff filed a claim for only actual expenses occasioned and paid out, he could not, upon a claim by suit brought after the ninety days, recover for other subjects of damage, such as mental anxiety, not indicated in the claim filed.

**3.—Same—Mental Anxiety.**

A recovery for mental anguish suffered by the wife on account of the exposure to smallpox was not warranted by evidence consisting of her testimony that, when told of her brother's death from smallpox, it was a great shock to her at the time, especially on account of the baby, and that if she had been alone she would not have felt the same effect,—the telegraph company not being liable for her alarm because of the baby's exposure, since it had no ground to anticipate that she would have a child with her.

Appeal from Bexar.   Tried below before Hon. J. L. Camp.

*Webb & Finley,* for appellant.

*P. H. Swearingen,* for appellee.

JAMES, Chief Justice.—Appellee's wife at 3 p. m. on November 19, 1900, at San Antonio, received a telegram from Houston from her mother announcing that her brother was not expected to live. She with her young baby took the train at 8:30 that night for Houston. Another message from Houston arrived at San Antonio at 5:32 p. m. which was not delivered until nearly midnight, and long after Mrs. Murray had taken the train for Houston. This telegram would have informed her that her brother had "died of contagious disease. Better not come."

The petition alleged that on arriving at Houston and at the house, about a mile from the depot, not knowing that her brother had a contagious disease, she dismissed the hack that she had taken (there being no one to meet her at the depot) and rushed into the house and was informed for the first time that her brother had died of smallpox; that she, then greatly fatigued and worried, and with great alarm and anguish at having exposed herself and baby to smallpox, left the house, but was compelled to wait in the cold and rain with her baby exposed for an hour until a carriage could be obtained, and as soon thereafter as she was able she returned to San Antonio.

The matters of damage as alleged were: "That by reason of the useless trip and the anxiety and exposure to the rain and cold and contagion, occasioned by defendant's negligence, she was taken sick and remained in bed one week, and was unwell and wholly unable to do any work or attend to her domestic duties for more than eight months thereafter, incurring great mental and physical suffering, loss of time of the value of $200, doctors' bills of the reasonable value of $50, medical bills of the reasonable value of $500, railroad fare expended $12.60, hack hire paid $4, and sleepers $4." "By reason of defendant's said gross negligence plaintiffs have suffered great mental anguish, physical pain,

loss of time and have been forced to pay doctor's bills and medicine bills, and have been put to the expense of railroad fare and for the telegram, to plaintiff's damage in the sum of $1900."

The court charged the jury that in arriving at the amount, if any, they found for plaintiff, they might take into consideration the amount of money, if any, necessarily expended by plaintiff's wife for railroad transportation to and from Houston; the amount, if any, expended by plaintiff's wife for hack hire; and if they found that plaintiff's wife was taken sick soon after her return from Houston and that by reason of her sickness, if any, suffered mental and physical pain and employed a physician to attend her, and that such sickness, if any, and mental and physical suffering, if any, was proximately caused by defendant's negligence, if any, and in the light of all the circumstances ought to have been foreseen by defendant company as a natural and probable consequence of its negligence, if any, then this may also be considered and also such reasonable amounts paid for physicians' services, if any.

The court further instructed the jury not to allow anything for the sickness if caused by grief which she suffered on account of the death of her brother.

Without undertaking to follow the many assignments of error, we shall dispose of the case by showing wherein, as we think, plaintiff claims, and the court permitted the jury to find, damages that were too remote. We are agreed that the expenses of the trip, going and returning, would be recoverable, if, but for defendant's negligence, the trip would not have been made. We also are agreed that it might reasonably have been anticipated that, under the circumstances, she not being apprised of the presence of a contagious disease, would enter the house and become exposed to the contagion, and mental anxiety for herself ensuing on account of such exposure and the natural consequences thereof, would also be proper to consider.

But we are clearly of opinion that such casual events as her having dismissed her carriage on arriving at the house, and thereafter having to wait upon the gallery of the house until another carriage could be sent for, and in the meantime to be exposed to the weather and thereby contract malaria, are matters entirely too remote to enter into the computation of damages. Stafford v. Telegraph Co., 73 Fed. Rep., 273; Telegraph Co. v. Smith, 76 Texas, 253.

The sixth assignment is that the court erred in refusing the following charge: "You are instructed that no claim having been filed by the plaintiff for any sum except the sum of $24.90 set out in defendant's answer, the plaintiff can not recover in this case exceeding the said sum of $24.90."

The contract contained this provision: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety days after the message is filed with the company for transmission."

Claim was filed within the time as follows:

> "San Antonio, Texas, 12-3-1900.

"Western Union Tel. & Cable Co. to Geo. M. Murray, Dr.:

"To transportation to Houston for wife..................$ 6.30
"To transportation from Houson for wife................  6.30
"To hack hire to and from depot in Sa. & Ho............  4.00
"Dr. bill and medicine caused by trip to Houston.......  4.30
"To berth in sleeper to and from Houston, $2...........  4.00

$24.90"

The propositions made by appellant are: 1. The claim for damages * * * should be sufficient to apprise the company of the extent and character of the damages sustained. 2. The filing of the claim for damages is an indispensable prerequisite to the filing of the suit. The question is whether or not the claim was sufficiently presented to warrant recovery for other items than those specified or indicated, or for larger sums than claimed therein. In Swain v. Telegraph Company, 34 Southwestern Reporter, 783, the holding is that a claim presented for damages suffered by the wife would not admit of recovery of damages sustained by the husband. That decision is practically the same as that in Lester v. Telegraph Company, 84 Texas, 314, which was that without a claim presented within the prescribed time, no recovery could be had. In Telegraph Company v. Norris, 77 Texas, 173, claim was presented for the sum of $50 actual and $5000 exemplary damages. The action was for $5000 actual and same for exemplary damages. A recovery of $500 actual damages was sustained. In Telegraph Co. v. Brown, 84 Texas, 54, it was held that the notice was sufficient which apprised the defendant of the nature of the claim.

We find no decision of the question whether or not, after a claim has been presented, and the ninety days have expired, the party can recover for subjects of damage not indicated or suggested by the claim. We are of opinion that he can not. The manifest purpose of the clause is to apprise the company at an early date of the claim, in order to enable it to be investigated while information relating to it may be readily obtained, in the light of what is claimed. It is not its purpose to afford defendant an opportunity to settle the matter without suit; because suit may be brought within the ninety days, and only if that time elapses without suit does the presentation of a claim become material. It is to be observed that the stipulation is that the claim itself shall be filed, not simply that notice of a claim be given. The right to recover after ninety days rests upon the claim which has been presented, and we think where the clause is invoked it must be taken as the basis of recovery. Nothing that is entirely outside of it can in our opinion be claimed. We believe, however, that plaintiff would not be confined to the estimate of damages as stated in such a claim.

This view precludes recovery of any damages on account of mental suffering. We have already said that the damages claimed on account of sickness are too remote. Therefore the item of doctor's bills and medicines, which related to such sickness would not properly be allowable.

As we hold that plaintiff is confined to what is fairly indicated in the presented claim, and as the case is fully devolved on such matters, and is undisputed, it is not necessary to remand the cause for further trial. One of appellant's requests is that the judgment be allowed to stand for the amount of the claim presented, and in compliance therewith we shall reform the judgment by reducing it to that sum, and as thus reformed the judgment will be affirmed.

*Reformed and affirmed.*

### ON MOTION FOR REHEARING.

As to recovery for mental anguish on account of the wife's exposure to smallpox, we think she was not entitled to recover, because, in addition to the reason given in the opinion, there was no testimony that she suffered any from that cause. We fail to find where she claims in her testimony that she suffered any such anxiety in reference to herself. She states that when she was told by her sister that her brother had died of malignant smallpox, it was a great shock to her at the time, especially on account of her baby that she had with her, and she also stated, "If I had been alone I would not have felt the same effect." The defendant had no notice and could not have anticipated that she would have a child with her, and for any mental anxiety she may have sustained on account of the baby defendant would not be liable.

The motion is overruled.

*Overruled.*