TOALE v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH CO.—TIME LIMIT FOR FILING CLAIM.—Letters written by sender of a telegram to the company, insisting upon an explanation of a discourtesy given him by its agent and demanding an honorable and proper amend, do not notify of a claim for damages.

2. IBID.—WAIVER.—Correspondence between plaintiff's attorneys and defendant company, containing no indication that the proper officers of the company would consider plaintiff's claim on its merits, or that it would rely on the fact as a defense that no claim had been presented within the time limit, is not proof of waiver of this stipulation.

3. IBID.—PUNITIVE DAMAGES.—Conduct of an operator when asked about the non-delivery of a message as laughing at the inquirer, and giving pert and offensive answers, will support punitive damages.

4. REQUEST TO CHARGE that exposure to cold and rain was the result of plaintiff's own act after knowledge of non-delivery of telegram, and not the proximate cause of the non-delivery, is on the facts.

5. TELEGRAPH CO.—PROXIMATE CAUSE.—Where telegram shows that sender contemplated using a horse and buggy, and evidence shows he told operator he lived in the country and wanted to get home that night, whether the suffering he endured from exposure to a rain storm, which he alleges he could have avoided if message had been delivered in time, was the proximate cause of the failure to deliver was for jury.

6. IBID.—MENTAL ANGUISH.—Where sender of message informed agent he was anxious to reach home that night to be with his family, failure to deliver promptly will support damages for mental anguish, if the failure to deliver prevented him from reaching home earlier.

Before Gage, J., Aiken, October, 1906.    Reversed.

Action by P. P. Toale against Western Union Telegraph Co.    From judgment for plaintiff, defendant appeals.

*Messrs. George H. Fearons* and *Nelson & Nelson,* for appellant, cite: *No claim for damages was filed in sixty days:* 71 S. C., 506; 27 Ency., 1048; 29 Tex. Civ. App., 207; 84 Tex., 54.    *Correspondence shows no waiver of this stipulation:* 70 S. C., 16; 75 S. C., 97; 29 Ency., 1108; 66 Pa. St., 9; 18 Wis., 407; 29 Pa. St., 198.    *No basis for punitive damages:* 27 Ency., 1026; 73 S. C., 522.    *Damages alleged not in contemplation of the parties:* 70 S. C., 418; 72 S. C., 119, 290; 75 S. C., 294, 50 S. E., 585; 70 S. C., 523; 74 S. C., 491.    *Too remote:* Jones Tel. & Tel. Co., secs. 559, 563, 565; Joyce on Elec. Law, sec. 565; 25 S. C., 68; 60 S. C., 254; 51 S. C., 480; 57 S. C., 189; 139 U. S., 214; 8 Ency., 616.

*Messrs. Henderson,* contra, cite:    *Time limit was waived:* 70 S. C., 16.    *As to exemplary damages: Young* v. *Tel. Co.,* 65 S. C.: *Willis* v. *Tel. Co.: Plaintiff's exposure as an element of damages: Pickens* v. *R. R.,* 54 S. C.; 75 S. C., 208, 355; 72 S. C., 256: *March* v. *Tel. Co.,* 63 S. C.: *Sonneborn* v. *R. R.,* 65 S. C.

March 8, 1907.    The opinion of the Court was delivered by

Mr. Justice Gary.    This is an action for damages, alleged to have been sustained by the plaintiff, in consequence of the failure of the defendant to deliver a telegram.

The complaint alleges that the plaintiff, while a passenger on the train *en route* to Perry, S. C., and being desirous to provide a vehicle to convey him to his home in the country, delivered to the defendant's agent at Springfield, S. C., for immediate transmission the following message:

"January 22d, 1901.
To J. B. Corbett, Postmaster, Perry, S. C.:

Have horse and buggy ready for Mr. Vann and myself at arrival freight train.          P. P. Toale."

That the message was not delivered until next morning and long after his arrival. That through the negligence, wilful and wanton conduct of defendant he was forced to leave the depot with much trouble and annoyance, (although it was a cold winter night), to seek a horse and buggy himself. That he was delayed in his journey for more than an hour, and was exposed to a violent rain storm which otherwise he would have avoided, and thereby suffered great physical pain and annoyance.

The defendant set up as a defense, that the said contract contained a provision, that the company would not hold itself liable for delay in transmission, in any case, where the claim is not presented in writing within sixty days, after the message is filed for transmission, and that there was a failure to comply with this requirement.

The jury rendered a verdict in favor of the plaintiff for $250.00 and the defendant appealed.

The first question that will be considered is, whether the claim upon which this action is based, was presented in writing within sixty days after the message was filed for transmission. This question is dependent upon the written correspondence between P. P. Toale and the defendant's agents.

Numerous letters passed between them, but we deem it only necessary to reproduce the following:

"Toale, S. C., Feb. 11, 1904.
Dear Sir:—On the evening of the 22d of January, I sent a telegram from Sally's, S. C., to Perry's, S. C., the latter some four miles distant from the former, directed to the postmaster at Perry's, asking him to have a horse and buggy ready at the depot in Perry's to take a neighbor and myself to our home. We were coming up from Blackville

to Perry's on the accommodation train, which arrived at Perry's about 9 o'clock. The passenger train having left us at Blackville, owing to this non-connection with the Augusta train. Arriving at Perry's I called on the operator asking him if my message was delivered, and he answered that it was not. The night being wet and cold, I gently, with my companion, remonstrated with him (the operator) for his failure to deliver our message, when he began to laugh at us, as if the matter gave him pleasure, and when further remonstrated with, for his mockery of our unpleasant situation, he continued his fiendish manner, and remarked, 'It didn't bother him a little bit,' as if our unfortunate position gave him great pleasure, at seeing two old men suffer from the cold and rain running in and around the place, hunting up a means to get to their homes. As superintendent of the division under which this person is serving, I beg to call your attention to the matter, and ask respectfully for an explanation of such conduct.

Yours,        P. P. Toale.

To F. E. Clary, Esq., W. U. Dist. Supt., Richmond, Va."

"Western Union Telegraph Co., Supt. Off., 2, 13, 1904.

I have to acknowledge receipt of your communication dated February 11th, 1904, and to advise you that the subject mentioned will receive attention. I have sent your letter to B. F. Dillon, Superintendent, Jacksonville, S. C., in whose district Perry's and Sally's are.

Very respectfully,        F. E. Clary, Supt.

To P. P. Toale."

"Toale, S. C., February 26th, 1904.

Dear Sir:— I should be pleased to hear from you in answer to my letter referring to the non-delivery of my message at Perry's, S. C., with the discourteous treatment by your operator.        I remain,        P. P. Toale.

To B. F. Dillon, Esq., W. U. Tel. Co., Jacksonville, Fla."

"Western Union Telegraph Co., Supt. Office,
                    Jacksonville, Fla., 29, 1904.
Mr. P. P. Toale, Toale, S. C.:

Dear Sir:—Acknowledging receipt of your favor of February 26th, requesting receipt to your letter referring to non-delivery of a message addressed to Perry, S. C., also discourteous treatment of operator there, I beg to advise that Perry, S. C., is in Supt. Clary's district, and I have sent your letter of complaint to him to continue the investigation and suppose he will reply to you shortly.

             Yours truly,          B. F. Dillon, Supt."

                            "April 19th, 1904.
Mr. P. P. Toale, Perry, S. C.:

Dear Sir:—We have investigated the complaint made by you, and the manager at Perry disclaims any intention of showing you any discourtesy. Our railroad friends have taken such action as will, we believe, prevent any trouble at Perry.

"I am much obliged to you for writing me, and trust everything will now go smoothly. With best wishes,

             Yours,          F. E. Clary, Supt."

This letter was not received by the plaintiff, but a copy was sent to him on the 9th of May.

                  "Toale, S. C., May 12th, 1904.
To F. E. Clary, Esq., Richmond, Va.:

Dear Sir:—I have your letter of the 9th, with a copy of yours of April 19th, and note your statement, 'that the manager at Perry's disclaims any intention of showing you (me) any discourtesy.' This reply is not at all satisfactory to me, and is, to say the least, untruthful, on his part, if made by him, as his every act and word was discourtesy itself and malicious also. I expect an honorable and proper amend, and must insist on it.          Yours, etc.,

                            P. P. Toale."

In 27 Ency. of Law, 1048, it is said: "The claim presented should set forth fairly, the nature and extent of the claimant's demands. While he will not be limited to the amount of damages set up in his claim, he cannot recover for subjects of damage, not mentioned therein."

The reason of the rule is thus stated in section 395 of Jones on Telegraph and Telephone Companies. "The claim should set out fairly, the nature and extent of the claimant's demand. The object of this requirement is to give the company cognizance of facts creating the liability, in order that it may use those for investigating the cause of the loss or injury. It is impossible for these companies to keep up with all the mistakes of their employees, and the injuries arising therefrom; and, while they may be clearly liable for claims presented—and for which they would readily, without suit, indemnify the injured party—yet, if they have no facts, on which to base an investigation in order to determine whether they are liable, they would very probably be heavily taxed with an expensive litigation."

Both the foregoing authorities cite the case of *W. U. Tel. Co.* v. *Murray,* 29 Texas Civ. App., 207; 68 S. W., 549, 550, in which the Court uses this language: "We find no decision on the question whether or not, after a claim has been presented and the ninety days have expired, the party can recover for subjects of damage not indicated or suggested by the claim. We are of the opinion that he cannot. The manifest purpose of the claim is to apprise the company at an early date of the claim, in order to enable it to be investigated, while information relating to it may be readily obtained, in the light of what is claimed. It is not its purpose to offer defendant an opportunity to settle the matter without suit; because suit may be brought within the ninety days, and only, if that time elapses without suit, does the presentation of the claim become material. It is to be observed, that the stipulation is that the claim itself shall be filed, not simply that notice of a claim be given. The right to recover after ninety days rests upon the claim which has

been presented, and we think where the clause has been invoked, it must be taken as the basis of a recovery. Nothing that is entirely outside of it can, in our opinion, be claimed."

There are no facts stated in the plaintiff's letters, from which it can be reasonably inferred, that he intended to present a claim based upon the non-delivery of the telegram, but they show that he insisted upon an explanation of the operator's alleged discourteous treatment of him, and upon an honorable and proper amend. There is nothing in the correspondence tending to indicate, that there was a necessity for the defendant to investigate the causes, resulting in the failure to deliver the message. The exceptions raising this question must, therefore, be sustained.

The next question for consideration is, whether there was evidence of waiver of the requirement, that the claim should be filed, within the time hereinbefore mentioned.

The plaintiff's attorneys wrote the following letter to the defendant:

"Aiken, S. C., May 5th, 1904.

Mr. F. E. Clary, Supt. Western Union Tel. Co., Richmond, Virginia:

Dear Sir:—Mr. P. P. Toale, of Toale's P. O., S. C., has come to us to push his claim for damages against your company for the alleged improper and wilful failure of the agent at Perry, S. C., to deliver a message sent by him (Mr. Toale) on January 22d, 1904, from Springfield, S. C., to Mr. Corbitt, at Perry, S. C. Mr. Toale has written you fully, and stated his claim in several letters that passed between you and him regards this matter, the last one received from you being under date of April 12th, 1904, in which you stated you were making a thorough examination of the matter and you were not ready to make a proper report. As we have stated above, this matter is now in our hands with instructions to commence a suit for damages, if the same cannot be adjusted with you. We always desire to settle such matters out of Court if it is possible, and it is

our practice to always present any claims that may be received for settlement, before suit is commenced. For this purpose we write you, and will be very glad to receive any communication that you may have to make to us upon this matter. We shall wait a reasonable time to hear from you.

Yours very truly,          Hendersons."

To which the following reply was received:

"Richmond, May 6, 1904.
Hendersons, Attorneys and Counsellors at Law, Aiken, S. C.

Gentlemen:—Your letter of 5th just received. We investigated Mr. Toale's complaint and the papers are now in the hands of our Complaint Bureau at Atlanta, Ga. I will forward your letter to day, with request that you be communicated with direct, as soon as possible. Yours truly,

F. E. Clary, Supt."

The plaintiff's attorneys again wrote on the 3d of June urging action on the part of the defendant, to which letter there was the following reply:

"Richmond, June 7th, 1904.
Hendersons, Attorneys, Aiken, S. C.

Gentlemen:—Your letter of the 3d in regard to complaint of Mr. P. P. Toale, received, and will be forwarded to-day to our New York Claim Department, with request that you be communicated with direct, as soon as possible. Yours,

F. E. Clary, Supt."

The plaintiff's attorneys sent another letter to the same effect, and the defendant replied as follows:

"Richmond, August 8th, 1904.
Messrs. Hendersons, Attorneys, Aiken, S. C.

Gentlemen:—Yours of the 5th is before me. I will send it on to-day to our New York Claim Department, where result of investigation in case of P. P. Toale has already been placed. I will take pleasure in requesting that they write you as soon as practicable.

F. E. Clary, Supt."

The respondent's attorneys contend that this correspondence shows waiver, under the third ground mentioned in the case of *Hays* v. *Tel. Co.,* 70 S. C., 16, 23, 48 S. E., 608, 67 L. R. A., 481: "Where the statement or proof is presented after the time limited by the contract, and the claimant thereafter does nothing and incurs no expense or trouble in consequence of any demand of the party to be charged, yet waiver of the form of the claim, and of the time limit will be implied, if the statement or proof is retained and considered on its merits, without notice that the time limit, or a lack of written demand in proper form will be relied on."

We fail to discover in this correspondence any fact from which it could reasonably be inferred, that the defendant retained the claim for the purpose of considering it upon its merits. They contained no material statement further than courtesy demanded, and in no way indicated whether the proper officers would consider the case upon its merits, or rely upon the fact as a defense, that the claim mentioned in the letter dated 5th of May was not filed within the sixty days required by the contract.

As said by the Court in the case of *Eaker* v. *Tel. Co.,* 75 S. C., 97 : "There was nothing in the letters calculated to induce the plaintiff to change his course in the assertion of his rights, or to make him believe it was the intention of the defendant to waive any of its rights."

The exceptions presenting this question must also be sustained.

We proceed to consider the assignment of error that there was no testimony tending to show that the plaintiff was entitled to punitive damages. The conduct of the operator when the plaintiff remonstrated with him, about the non-delivery of the telegram, tended to show that he was actuated by a reckless disregard of the plaintiff's rights. This assignment of error is overruled.

The next assignment of error is, that his Honor, the presiding Judge, erred in refusing to charge the appellant's 17th and 18th requests, which are as follows:

"17. I charge you that the plaintiff cannot recover for any damage he may have sustained on account of his exposure of himself, in riding from Perry to his home, on a cold, rainy night, as such was not a result as could have been in the contemplation of the parties, or such as should have been reasonably anticipated by the defendant from a failure to deliver the telegram."

"18. I further charge you that the plaintiff's exposure to the cold and his suffering therefrom beyond what he would have endured, even if Mr. Corbitt had secured the buggy for him, and had the same waiting on arrival of the train, was the result of plaintiff's own act in starting to his home, after knowledge that the telegram to Mr. Corbitt to secure the buggy had not been delivered."

While the presiding Judge did not charge in the language of the requests, he did not refuse to charge them. But even if he had refused, there would not have been error. In the first place, to have charged them would have been in violation of art. V., sec. 26, of Constitution, which provides that Judges shall not charge juries in respect to matters of fact.

And, in the second place, the telegram showed upon its face that the plaintiff contemplated using a horse and buggy, and there was testimony he told the operator at Springfield that he wanted to get home that night, and that his family lived in the country. Furthermore, the testimony tended to show that he left for his home, as expeditiously as possible. Under these circumstances the question as to the proximate cause of the injury was properly left to the jury. *Pickens* v. *R. R.*, 54 S. C., 498, 32 S. E., 567. *Machen* v. *Tel. Co.*, 72 S. C., 256, 51 S. E., 697.

The next question is whether the presiding Judge erred in refusing the following request: "There is nothing in the terms of the telegram, nor in the notice given the company's agent at Springfield by plaintiff, to have caused the company to reasonably anticipate that the plaintiff would suffer any mental anguish by reason of delay

17—76

in delivering such telegram; there cannot be, therefore, any recovery for mental anguish in this action."

Applying the principle announced in *Capers* v. *Tel. Co.,* 71 S. C., 29, 50 S. E., 537, that the statute allowing damages for mental anguish is confined to matters of a social or personal nature, the exception nevertheless must be overruled, for the reason that the plaintiff informed the defendant's agent when he delivered the message for transmission that he was anxious to reach home so as to be with his family.

Error is also assigned in refusing the motion for a new trial, but this is disposed of, by what was said in considering the other exceptions.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and he case remanded to that Court for a new trial.