7215

TOALE v. WESTERN UNION TEL. CO.

TELEGRAPH COMPANIES—BAR.—A party sending a message written on a delivery blank form containing the words on its face above the message "this company transmits and delivers messages only on conditions limiting its liability, which have been assented to by the sender of the following message," is bound by the stipulation that claim for damages must be filed within sixty days.

Before PRINCE, J., Aiken, April term, 1908. Reversed.

Action by P. P. Toale against Western Union Telegraph Company. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Nelson & Nelson, W. H. Barrett,* and *Davis, Gunter & Gyles,* for appellant. *Messrs. Nelson & Nelson* cite: *Is the sixty day limit a part of the contract?* 65 S. C., 93; 56 L. R. A., 741. *Is it a binding regulation on plaintiff?* 71 S. C., 508; 76 S. C., 258.

*Messrs. Hendersons, contra.* No argument furnished Reporter.

June 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff by reason of the defendant's failure to deliver a telegram.

The facts are stated in the opinion of the Court, upon the former appeal in this case, which is reported in 76 S. C., 248, 57 S. E., 117.

The testimony shows that the plaintiff requested the defendant's agent to hand him a blank, in order that he might write the message which he desired to have transmitted; that the agent did not hand him the blank in use by the initial office, but one in use at the office of delivery.

The following is a copy of the telegram which the plaintiff delivered to the agent of the company for transmission:

"The Western Union Telegraph Company, Incorporated; 23,000 offices in America. Cable service to all the world.

"This company transmits and delivers messages only on conditions limiting its liability, which have been assented to by the sender of the following message. Errors can be guarded against only by repeating a message back to the sending station, for comparison, and the company will not hold itself liable for errors or delays in transmission or delivery of unrepeated messages beyond the amount of tolls paid thereon, nor in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission.

"This is an unrepeated message, and is delivered by request of the sender, under the conditions named above.

ROBERT C. CLOWRY,<br>President and General Manager.

Sent by     .   Rec'd by     .   Check.   14 paid 33c.
C. D.   R. D. Jan. 22, 1904.
Send.
Dated

"To J. B. Corbitt, Postmaster, Perry, S. C.

"Have horse and buggy ready for Mr. Vann and myself arrival of freight train.          P. P. TOALE.

"Endorsed on back: RXRd (ch 8:30 p. m.)."

The form of the blank in general use by the initial office contained the following provisions:

(1) "Send the following message, subject to the terms on the back hereof, which are hereby agreed to.

(2) "The company will not be liable for damages in any case, where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The defendant interposed the defense that no claim for damages was presented, in writing, to the defendant within sixty days after the filing of the message for transmission.

The jury rendered a verdict in favor of the plaintiff for $500.00, and the defendant appealed.

His Honor, the presiding Judge, charged the jury that the contract offered in evidence does not on its face amount to a contract to make a claim within sixty days or be barred. This charge is made the basis of the principal assignment of error.

The plaintiff testified as follows:

"By the Court: Q. Mr. Toale, you see that printed matter up there on that blank? A. Yes. Q. Did you read that when you signed that message? A. No, sir. Q. Your attention called to it? A. No. Q. The agent say anything to you about that printed matter at the head of the blank? A. No, sir. Q. What did you suppose it was? A. I took it to be some condition which the company required to be carried out. I had not read it, and did not know anything about it. I did not think it had any bearing on the message, or otherwise I should have asked."

In the case of *Young* v. *Tel. Co.*, 65 S. C., 93, 103, 43 S. E., 884, the Court quotes with approval the following from 25 Enc. Law, 804-5 (1st ed.) : "Ordinarily a party is not bound by any rule or regulation by which a carrier seeks to limit his liability unless the same has been brought to his notice. But in the case of telegraph companies, where the message blanks are so arranged that a party in affixing his signature to the message signs a printed contract, it is conclusively presumed that he thereby assents to the terms of such contract, and is bound by them, although he may not have read or noticed them, or even been able to read them. In the absence of fraud, or imposition, a party to a contract, which has been voluntarily signed and executed by him, with full opportunity for information as to the contract, can not avoid it on the ground of his own ignorance or

omission to read it." Continuing, the Court says: "The cases of *Bethea* v. *R. R. Co.,* 26 S. C., 92, 1 S. E., 326, and *Daniels* v. *R. R. Co.,* 62 S. C., 1, 39 S. E., 762, sustain this principle. If, therefore, the plaintiff wrote the message on a blank of the defendant, containing the stipulation aforesaid, it was binding on him."

This principle is not contested by the plaintiff's attorneys, who in their argument say: "It has been frequently decided, and we most freely admit the proposition, that if the sender signs a blank, embodying a contract, which includes a sixty days' stipulation, that then the plaintiff is bound by the same, although he fails to read the contract, and although he was absolutely ignorant of its contents."

They, however, insist that the principle just stated is inapplicable to the facts in this case, and the proposition for which they contend is thus stated in their own language: "We submit that the gist of this decision (*Young* v. *Tel. Co.,* 65 S. C., 93) is that if a sender signs a blank in which the important words, 'Send the following message, subject to the terms printed on the back thereof, which are hereby agreed to,' are included, that, having expressly stipulated that, he agreed to the terms referred to, that he would be held to be bound thereby, even though he were ignorant of what the terms were, but in the absence of such contracting words he is not bound. In other words, it is the familiar law of contract over again, namely, that a party who signs a contract without reading it is bound, nevertheless; but to apply to this case, and by analogy, we submit, that if the blank signed does not constitute a contract, that then the sender is not bound."

The plaintiff's attorneys rely upon the italicized words in the following language which we quote from the last mentioned case: "If he wrote the message on a blank of the Postal Telegraph Company, and delivered it to the defendant to be forwarded, it must be conclusively presumed that he did not intend to enter into a contract with the Postal

Telegraph Company, but with the defendant. If he did not intend to enter into a contract with the Postal Telegraph Company its name may be regarded as struck out of the blank. When he delivered to the defendant a written message, on a form in which he directed it to send the message, *subject to the terms and conditions printed on the back thereof, and which he in express terms agreed to,* he was as much bound by the stipulations therein as if he had used one of its blanks."

These italicized words were not used for the purpose of limiting the general rule, which had already been stated, but to emphasize the fact that there was an *express* agreement, manifesting an intention to adopt the provisions in the blank, originally intended for the use of the Postal Telegraph Company, and to make them applicable to the contract with the Western Union Telegraph Company. That case is conclusive of the question under consideration.

When a contract recites the fact that a party thereto has agreed to certain conditions, it is binding without further stating that he now agrees to them. And, as the plaintiff himself was the sender of the message, the words of the telegram, "which have been assented to by the sender of the message," are as effectual to bind the plaintiff as if it had contained the words, "which are now assented to by P. P. Toale, one of the parties to the contract." The exceptions raising this question are sustained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the complaint be dismissed.