15740

WELSH v. WESTERN UNION TELEGRAPH CO.

(34 S. E. (2d), 398)

*Messrs. Mitchell & Horlbeck,* of Charleston, S. C., and *Francis R. Stark* and *Homer Brockett,* both of New York, N. Y., Counsel for Appellant,

*Messrs. S. S. Seideman* and *Robert McC. Figg, Jr.,* both of Charleston, S. C., Counsel for Respondent,

June 5, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the Opinion of the Court.

This case was tried in the Civil and Criminal Court of Charleston, resulting in a verdict for the plaintiff in the amount of $499.00. The respondent (plaintiff below) was a merchandise broker in the City of Charleston and transmitted over the facilities of the appellant Western Union Telegraph Company the following telegram:

"Charleston, S. C., June 19, 1940

Pfeffer Rice Milling Co.

Houston, Texas.

Reletter seventeenth whats doing and market trends wire your opinion and rock bottom grades we use answer by Western Union. Serial rate paid.

J. W. Welsh"

The respondent in reply received by Western Union the following telegram:

"RXNA140 TWS Paid 3-HOUSTON TEXAS 19 1112A
  1940 June 19 PM 12 33       .

J. W. Welsh—
  Charleston, SoCar.

Retel market on advance due to Government purchases
which to best information we can gather at present is on a
basis of about 3.59 Charleston for Brose and so far total
purchases are over 400,000 pockets stop Our ideas are Exfcy
Brose 3.59 Fancy 3.49 Choice 3.35 Exfcy Prolific 3.35
Emperor Patna 4.40 all delivered Charleston subject final
confirmation stop see type 807 Longgrain air mailing today
at 3.54 which attractive buy stop If Cuba increased buying
watch out for market thanks.
                    Pfeffer Rice Milling Co., Inc."

It was admitted that the quotation in the telegram with re-
gard to Emperor Patna rice should have been $4.04 per
pocket (100 pounds) instead of $4.40 as actually appeared
in the telegram delivered to the plaintiff. The plaintiff al-
leged that as a result of the erroneous transmission by the
defendant he lost the sale of two carloads of rice, upon
which he would have received a commission amounting to
$80.00; and that he was put in the position as a merchandise
broker of offering the merchandise at a price grossly in ex-
cess of the prevailing market price in the City of Charleston
and was forced to expend his time and efforts in selling the
merchandise at the price erroneously transmitted by the
appellant and was embarrassed and humiliated thereby.

From the verdict and judgment of the Civil and Criminal
Court of Charleston, the Western Union Telegraph Com-
pany appealed to the Common Pleas Court of Charleston
County and the appeal was in due course heard by the Hon.
J. Robert Martin, Jr., Presiding Judge, who passed an
order on August 8, 1944, sustaining the lower Court. The
case comes to this Court on errors assigned to Judge Martin
in this order.

The appellant states some 19 exceptions, but in the view of this matter which this Court takes, it is necessary to consider only exceptions 11 and 12 which read as follows:

"11. That his Honor erred in overruling Ground (2) of Appellant's fourth ground of appeal and in sustaining the refusal of the Trial Judge to direct a verdict for defendant and to withdraw from the jury all issues or elements of damage in excess of the alleged commission of $80.00 claimed to have been lost by plaintiff; whereas his Honor should have held that the only inference from the evidence is that the suit message was from Houston in the State of Texas to Charleston in the State of South Carolina, and was in fact Interstate Commerce, and any alleged damages, suffering, embarrassment, humiliation, inconvenience, annoyance, and expenses or the like claimed by plaintiff are special, contingent, speculative and remote, arising out of collateral circumstances not communicated to defendant nor within its knowledge, and were without legal certainty and beyond the contemplation of the parties at the time of the filing of the message for transmission and no notice was given to the defendant at the time of filing said message for transmission from the terms of said message or otherwise that such damages, other than the possibility of the loss of a commission, would or were likely to be sustained nor were such damages such as might reasonably or ordinarily be supposed to have been within the contemplation of the parties at the time the message was filed with defendant for transmission, nor did defendant have notice from the terms of the message or otherwise of the facts and circumstances from which such damages would be likely to result, nor were such damages such as may fairly and reasonably be considered as arising naturally or according to the usual course of things from any failure or delay on the part of defendant in the transmission or delivery of said message, and such damages under the Federal Law in force

at all times mentioned in the complaint and still in force and applicable to and governing in cases or Interstate Commerce are not recoverable; by reason of which to hold the defendant liable in this action in any amount in excess of $80.00 (and actual expenses if any were proved), would be in violation of that part of the Constitution of the United States conferring on Congress power to regulate commerce among the several States, to wit, Article 1, Section 8, Subdivision 3 of the Constitution of the United States, and of the Acts of Congress passed in pursuance thereof, especially the Act of Congress approved June 18th, 1910, Volume 36 U. S. Stat., 539, and Acts supplemental thereto, and in amendment thereof, 49 U. S. C. A., § 1 *et seq.,* and the Communications Act of 1934, 48 Stat., 1064, 47 U. S. C. A., § 151 *et seq.,* whereby Congress occupied the field of the regulation of interstate communication by telegraph to the exclusion of the States, and also in violation of the due process and equal protection of the laws clauses of the United States Constitution.

"12. That his Honor erred in overruling Ground (3) of Appellant's fourth ground of Appeal and in sustaining the refusal of the Trial Judge to direct a verdict for defendant and to withdraw from the jury all issues or elements of damage in excess of the alleged commission of $80.00 claimed to have been lost by plaintiff; whereas his Honor should have held that, the message in suit being interstate, there can be no recovery of damages for mental anguish or annoyance, embarrassment, humiliation, inconvenience or the like, or physical suffering arising or growing out of mental anguish, or for punitive damages in this action, by reason of the Federal law applying to the exclusion of the Statutes and laws of the State of South Carolina; and to hold defendant liable under the evidence in this case for any such damages and to allow to stand a verdict which exceeded Eighty ($80.00) dollars by the sum of Four hundred and nine-

teen ($419.00) Dollars, would be in violation of that part of the Constitution of the United States conferring on Congress power to regulate commerce among the several States to wit, Article 1, Section 8, Subdivision 3 of the Constitution of the United States, and of the Acts of Congress passed in pursuance thereof especially the Act of Congress approved June 18th, 1910, Volume 36 U. S. Stat. 539, and Acts supplemental thereto, and in amendment thereof, and the Communications Act of 1934, 48 Stat. 1064, whereby Congress occupied the field of the regulations of interstate communication by telegraph to the exclusion of the States, and also in violation of the due process and equal protection of the laws clauses of the United States Constitution."

It appears to be undisputed that the message involved, having its point of origin in Houston, Texas, and its point of destination in Charleston, S. C., was an interstate communication and as such subject to the federal rule relating to such matters. It is likewise patent that the message involves a business transaction as distinguished from a social or personal message.

It has been repeatedly declared to be the law in this State that where the message involved is interstate no recovery can be had for mental anguish, and that the same rule obtains where the telegram is a business transaction. *Hall v. Western Union Tel. Co.,* 108 S. C., 502, 94 S. E., 870; *Capers v. Western Union Tel. Co.,* 71 S. C., 29, 50 S. E., 537; *Berg v. Western Union Tel. Co.,* 110 S. C., 169, 96 S. E., 248. Similarly, no punitive damages can be recovered for the erroneous transmission of an interstate message. *King v. Western Union Tel. Co.,* 127 S. C., 259, 120 S. E., 715. There is no allegation or proof of damage as to the business of respondent.

We have studied the record in this case with great care and we are unable to find therein any evidence of compensable damage other than that relating to

the loss of commissions by the respondent in the amount of $80.00. It is true that the respondent testified that he spent some time in soliciting customers based on the erroneous rate supplied him by the defendant company, but there is no evidence in the record as to any valuation placed on these efforts. There is likewise no evidence whatever as to any expense to which respondent was put. It follows that any award based thereon would be speculative. As we have seen, there can be no recovery for any element of damage otherwise, and the respondent must therefore be limited to the $80.00 proved as loss of commissions. The appellant raises some question as to the sufficiency of proof with regard to even this factor of damages, but in our view there was evidence in the record sufficient to sustain the lower Court on this particular item.

For the foregoing reasons exceptions 11 and 12 are sustained and the case remanded to the lower Court for disposition in accordance herewith.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne and Oxner concur.

Mr. Associate Justice Stukes concurs in result.

Mr. Associate Justice Oxner (concurring).

I am in full accord with the conclusion of Mr. Justice Taylor that respondent's recovery must be limited to the sum of $80.00, which represents loss of commissions on the sale of two cars of rice.

The message was received for transmission subject to the usual stipulation that "the Company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing to the company within sixty days after the message is filed with the company for transmission."

It is conceded that this is a valid and binding stipulation. The only claim presented by respondent to appellant within the time specified, after identifying the message and stat-

ing the negligence complained of, contained the following with reference to the nature and extent of the damages sustained: "I claim the loss on sale of two cars of rice, containing 400 pockets each, total of 800 pockets of rice at 10¢ per pocket, rate of brokerage paid by above rice mill—$80.00." The additional elements of damage now claimed to the effect that respondent lost time and effort expended in working on the incorrect quotation and that his business standing with the trade was damaged were not disclosed to appellant until this action was commenced in April, 1941.

Under the foregoing circumstances, I think the respondent is restricted to damages growing out of loss of commissions, which is the only element of damage claimed within the sixty-day period, and under this stipulation is precluded from thereafter asserting damages resulting from injury to his business or business standing. The rule appears to be well established that there can be no recovery for subjects of damage not included in the claim presented. The precise question has been decided by the Courts of Texas and Arkansas in accordance with this conclusion. *Western Union Telegraph Co. v. Murray,* 29 Tex. Civ. App., 207, 68 S. W., 549; *Western Union Telegraph Co. v. Moxley,* 80 Ark., 554, 98 S. W., 112; *Western Union Telegraph Co. v. Nelson,* 86 Ark., 336, 111 S. W., 274.

In *Toale v. Western Union Telegraph Co.,* 76 S. C., 248, 57 S. E., 117, 119, this Court quoted with approval the following from *Western Union Telegraph Co. v. Murray,* supra: "We find no decision on the question whether or not, after a claim has been presented and the 90 days have expired, the party can recover for subjects of damage not indicated or suggested by the claim. We are of the opinion that he cannot." There was also quoted with approval the following from 27 Ency. of Law, 1048: "The claim presented should set forth fairly the nature and extent of the claimant's demands. While he will not be limited to the amount

of damages set up in his claim, he cannot recover for subjects of damage not mentioned therein."

No case has been cited by respondent's counsel sustaining a construction of this stipulation contrary to that herein expressed. The case of *Western Union Telegraph Co. v. Czizek*, 264 U. S., 281, 44 S. Ct., 328, 68 L. Ed., 682, so strongly relied on by respondent's counsel, did not pass upon the question under consideration. Respondent's counsel say that this view places the customer of a telegraph company "under a very heavy burden in filing his written claim." This may be true, but we are not at liberty to add to or modify the stipulation in question.

Turning now to the question of damages, the record relating to that question presents a rather unusual situation. Respondent sought to show that his commissions on Emperor Patna rice during the year preceding the erroneous transmission of this message were $536.50 and during the following year were only $12.50, or a loss of $524.00. In other words, respondent offered to prove that appellant's error caused a drastic reduction in his sales of Emperor Patna rice which resulted from his customers "stocking up" on other brands of the same grade and refusing to go back to the Emperor Patna brand of rice which they had previously bought from him. All of this testimony was excluded by the trial Judge on the grounds that these damages were not alleged in the complaint and were "remote and speculative". Respondent's counsel was only permitted to offer this testimony in the absence of the jury. Respondent's counsel also offered to show that as a result of the error in this telegram, respondent was embarrassed with his customers. This testimony was likewise excluded. The objection of appellant's counsel to testimony tending to show that respondent was never able after this incident to sell this brand of rice to a certain customer who had regularly purchased it previously was also sustained. A careful reading of this

record shows that all testimony relating to damages other than that relating to loss of commissions was excluded by the trial Judge. Notwithstanding the exclusion of this evidence, the trial Judge submitted these other subjects of damage to the jury. To illustrate, the jury was charged in part as follows: "If you find it a fact that he (the plaintiff) was on account of this transaction and the effort, as he alleges he did, to sell his commodity on the strength of the information he got from this telegram, and it resulted to him in embarrassment in his business and it caused him to lose his time and effort, then you have a right to determine what amount of money in your opinion would be proper to compensate him for the loss."

In view of the foregoing circumstances, there was no testimony before the jury which would warrant a recovery of damages in excess of $80.00. I prefer not to intimate any opinion as to whether, apart from the sixty-day stipulation and the rulings of the trial Judge, damages in excess of that amount could have been recovered.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES concur.