20349

John R. CLARKE, Appellant-Respondent, v. GENERAL TELEPHONE COMPANY OF the SOUTHEAST, Respondent-Appellant.

(232 S. E. (2d) 26)

*Messrs. Jenrette, Wheless, McInnis & Breeden,* of North Myrtle Beach, *for Appellant-Respondent,*

*Messrs. McCutcheon and McCutcheon,* of Conway, *Respondent-Appellant,*

January 24, 1977.

LITTLEJOHN, Justice:

In this action the plaintiff-subscriber (Subscriber) sought both actual and punitive damages for alleged failure of the defendant, General Telephone Company of the Southeast, a corporation, (Telephone Company) to furnish reasonable telephone service to him. The compalint alleged irregularities in the Subscriber's telephone service primarily arising out of alleged failure of the telephone operators to give out, to those making inquiries, correct infromation relative to the Subscriber's telephone number(s).

The matter was tried before the judge of the Civil and Criminal Court of Horry County and a jury, resulting in a verdict for both actual and punitive damages.

At appropriate stages of the trial, motions for a directed verdict and for judgment notwithstanding the verdict, for a new trial and for a new trial nisi, were made. The trial judge denied the motions for a directed verdict and for judgment notwithstanding the verdict, and set aside the verdict insofar as it relates to punitive damages. Both the Subscriber and the Telephone Company have appealed.

The gist of the complaint is the contention that the Subscriber had suffered humiliation and embarrassment proxi-

mately caused by the negligent, willful and wanton conduct of the Telephone Company.

The answer of the Telephone Company consisted of, first, a general denial and, secondly, "that if the [Telephone Company] breached any duties which it owed to the [Subscriber] (which is specifically denied) elsewherein, nevertheless, the [Telephone Company's] liability is limited under the terms and provisions of its tariff regulations and under the terms and provisions of the regulations of the South Carolina Public Service Authority. It alleges therefore that the [Subscriber] could not recover any amounts in excess of such limitations provided for in the tariff regulations of the South Carolina Public Service Commission." It prayed that the complaint be dismissed.

The tariffs (approved by the Public Service Commission), relied upon, were introduced into evidence. In addition, at the directed-verdict stage of the trial, counsel for the Telephone Company moved "to amend the answer, if there is any question about it, to add as a Third Defense so as to conform the pleadings to the proof which has come in without objection the failure to present the claim within the statutory period of sixty (60) days; and to conform the answer, if it requires conforming, to the proof that has been offered." The motion was granted.

The tariff referred to is among the Telephone Company's general regulations under "Liability of the Company." It provides: "S2.5.5 Period for the Presentation of Claims. The Company shall not be liable for damages or statutory penalties in any case where a claim is not presented in writing within sixty days after the alleged delinquency occurs."

Counsel for the Subscriber conceded in his brief:

"There can be no doubt that this Tariff was duly filed by the Defendant and approved by the Public Service Commission and has the force of law in South Carolina."

Counsel for the Telephone Company and for the Subscriber have filed several exceptions. The only one we need

to consider in this appeal is the exception which submits that the trial judge erred in refusing the motion for a directed verdict upon the ground that the provision of the tariff prevented recovery of damages in the absence of a claim in writing presented within sixty days after the alleged delict.

It is the position of counsel for the Subscriber that the fact that a complaint was made to one of the Telephone Company's employees, and a written memorandum of the complaint made by the employee, is sufficient compliance with the tariff. We are of the opinion that such did not constitute the filing of a claim within the meaning of the tariff. It is also argued that the tariff should have been specifically pled. The pleading of the tariffs in the answer, as quoted hereinabove, and the fact that the judge allowed, within his discretion, the amendment so as to specifically set forth this tariff, makes the contention untenable.

Section 58-11, Code of Laws of South Carolina (1962), vests the power in the Public Service Commission "to supervise and regulate the rates and services of every public utility in this State and to fix just and reasonable standards, classifications, regulations, practices and measurements of services to be furnished, imposed or observed, and followed by every public utility in this State." Under § 58-372 of the Code, telephone companies are specifically required to adhere to the Commission's rules and regulations regarding filing of the company's rates and regulations. The regulations have the effect of law and bind both the Telephone Company and the Subscriber, whether the Subscriber has specifically agreed to them or not.

The rules and regulations, however, must be reasonable. We do not hold that the sixty (60) day limitation is valid but only that the appellant-subscriber having failed to challenge the provision is bound by it.

The Subscriber, having failed to comply with the tariff binding on both parties, was not entitled to bring this action,

and the lower court erred in failing to grant a directed verdict.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.