0721

John Joseph PARNELL, Appellant v. FARMERS TELEPHONE COOPERATIVE, Respondent.

(344 S. E. (2d) 883)

Court of Appeals

*J. Edward Bell, III*, Sumter, *for appellant.*

*Ramon Schwartz, Jr.* and *W. E. Durant*, Sumter, *for respondent.*

Heard March 17, 1986.

Decided May 27, 1986.

BELL, Judge:

John Joseph Parnell commenced this negligence action against the Farmers Telephone Cooperative, alleging the Cooperative disrupted his telephone service causing him substantial business losses. The Cooperative pleaded as an affirmative defense Parnell's failure to file a written claim for his losses within sixty days after disruption of service as required by the Cooperative's tariffs. At the close of Parnell's evidence, the trial judge granted the Cooperative's motion for an involuntary nonsuit on the ground that no written claim was filed within sixty days. Parnell appeals. We affirm.

Section A2.5.6 of the Cooperative's tariffs provides:

The Cooperative shall not be liable for damages or statutory penalties in any case where a claim is not presented in writing within sixty (60) days after the alleged delinquency occurs.

By failure to respond to the Cooperative's requests for admissions, Parnell admitted this tariff provision was in effect

during the period when he received telephone service from the Cooperative. *See* Rule 89(a), Rules of Practice for the Circuit Courts of South Carolina. Consequently, the crucial issue of fact at trial was whether Parnell had complied with the tariff by presenting his claim in writing within the sixty day period.

## I.

Parnell first argues that the nonsuit was erroneously granted because the Cooperative did not prove the quoted tariff provision was in effect at the time of the acts giving rise to his cause of action. He contends the Cooperative should have introduced into evidence the tariff in effect from April 1978 through August 1979. The tariffs actually admitted into evidence became effective on August 28, 1979, and September 9, 1980, and, therefore, did not cover the relevant time period, according to Parnell.

Parnell's argument is without merit. By failing to respond to the Cooperative's requests for admissions, he admitted the quoted tariff provision was in effect during the period from April 1978 through August 1979 when he received telephone service from the Cooperative. *See* Circuit Court Rule 89(a). Any matter admitted under Rule 89 is conclusively established for the purpose of the pending action. *See* Circuit Court Rule 89(c). Therefore, it is no longer in issue at trial. A party with the burden of proof is not required to prove matters of fact not in issue nor does he need to offer evidence to prove facts admitted by the opposing party. *See Liverpool & London & Globe Insurance Company, Ltd. v. Bolling,* 176 Va. 182, 10 S. E. (2d) 518 (1940); *Vinson v. Smith,* 259 N. C. 95, 130 S. E. (2d) 45 (1963). The fact that the Cooperative introduced neither the applicable tariff nor the requests for admissions into evidence is, therefore, of no consequence.

## II.

Parnell next argues the nonsuit was erroneous because his evidence showed he filed at least two written complaints with the Cooperative during the sixty day period.

In construing a requirement that a claim against a telegraph company must be filed within sixty days, our Supreme

Court has stated that the claim should set forth fairly the nature and extent of the claimant's demands; simply giving notice of a claim does not satisfy a requirement that the claim itself should be filed. *See Toale v. Western Union Telegraph Company,* 76 S. C. 248, 57 S. E. 117 (1907). Moreover, in *Clarke v. General Telephone Company of the Southeast,* 268 S. C. 92, 232 S. E. (2d) 26 (1977), the Court held that transcription of a customer's oral complaint by a company employee did not constitute the filing of a written claim. The tariff provision in *Clarke* was identical to the one in this case.

With these principles in mind, we turn to the evidence Parnell presented at trial.

Neither Parnell nor the Cooperative was able to produce a copy of a written claim for losses incurred as a result of the alleged disruption of Parnell's telephone service. In his deposition Parnell testified as follows:

Q. Have you presented any claim of any kind for damages to Farmers Telephone prior to the time you brought this suit?

A. (No response)

\* \* \* \* \* \*

A. You mean a legal ...

Q. Did you go to anybody verbally, formally or informally or whatever, and ask them to pay you anything for any damages that you sustained?

A. My answer was no.

During cross examination at trial Parnell again admitted no claim was filed:

Q. All right, sir. You did not file any claim in July or August when you became aware that there was a problem?

A. (No response)

Q. No claim whatsoever with Farmers Telephone Cooperative until you filed your complaint in June of 1980?

A. You're saying a lawsuit, is that what you're talking about —

Q. No sir, I'm asking you if you, yourself, filed any written claim with Farmers Telephone Cooperative from

the point that you became aware ... in July or August of 1978, you filed no written claim from that point in time until you filed this lawsuit in June of 1980?

A. I physically didn't write no notes or fill out any forms or anything, is that what you're saying?

Q. That's what I'm asking you.

A. Well, I'm pretty sure that I filled out one form, I don't remember signing it — no I could say to that, no, I guess you're right, I don't know.

Parnell's assertion that he filed a written claim within the sixty days rests on testimony by him and his wife regarding two occasions on which they say they complained to the Cooperative about disruption of their service. A review of the record shows, however, that neither Parnell nor his wife stated that a claim for losses was made against the Cooperative.

Parnell testified that in July 1978 he went to the Cooperative's office and told somebody he was having trouble with his telephone. After discussing the problem in some detail, he filled out a form and signed it. The form itself was not subpoenaed and its contents were not proved at trial. Nothing in Parnell's account of this incident suggests he made a claim against the Cooperative for his losses rather than merely informing them he had a problem with his telephone service.

Mrs. Parnell also testified that she wrote a note to the Cooperative and stapled it to a check dated May 15, 1978, in payment of the previous month's telephone bill. The check was admitted into evidence. However, the note was not subpoenaed and its contents were not proved. Any conclusion as to its contents would be purely speculative. Nothing in the remainder of Mrs. Parnell's testimony suggests the note contained a claim for losses against the Cooperative.

On appeal from the granting of an involuntary nonsuit, this Court must view the evidence in the light most favorable to the appellant. *Champion v. Whaley*, 280 S. C. 116, 311 S. E. (2d) 404 (Ct. App. 1984). If the evidence is susceptible of only one reasonable inference or if there is no evidence to support an essential element of the cause of action, no issue of fact exists and the nonsuit is properly granted. *Profes-*

*sional Bankers Corporation v. Floyd,* 285 S. C. 607, 331 S. E. (2d) 362 (Ct. App. 1985).

Viewing the evidence in the light most favorable to Parnell, we conclude the only reasonable inference to be drawn is that no written claim was filed within the sixty days. Accordingly, the granting of a nonsuit on this basis was proper.

### III.

Parnell's final argument is that his action should not be barred because the sixty day notice provision of the tariff is unreasonable.

Parnell did not raise the issue of the tariff's reasonableness in his pleadings nor did he undertake to prove the unreasonableness of a sixty day claim period at trial. The first time Parnell raised the question of reasonableness was during oral argument following the Cooperative's motion for an involuntary nonsuit. An issue not timely raised at trial cannot be considered on appeal. *Munn v. Asseff,* 226 S. C. 54, 83 S. E. (2d) 642 (1954); *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980).

If we assume, however, that Parnell timely raised the issue of reasonableness in the circuit court, we still find no basis for reversal on this ground. Parnell adduced no evidence that he could not reasonably comply with the sixty day time limit. In addition, there is no evidence he filed a claim at *any* time prior to institution of this suit, two years after the alleged claim arose. In these circumstances, his assertion that the tariff is unreasonable is little more than an abstraction.

The Cooperative's tariffs have been reviewed and approved by the Public Service Commission. They have the effect of law and bind both the Cooperative and Parnell. *See Clarke v. General Telephone Company of the Southeast, supra.* As such they are entitled to the normal presumption of validity afforded to regulatory provisions. *Quattlebaum v. Georgia Power Company,* 165 Ga. App. 510, 301 S. E. (2d) 677 (1983). Provisions limiting the liability of public utilities for negligence in providing service are based on legitimate considerations of public policy. Reasonable utility rates are in part dependent on such limitations. *See*

*Pilot Industries v. South Bell Telephone & Telegraph Company,* 495 F. Supp. 356 (D. S. C. 1979). In this case, Parnell has made no showing that overcomes the presumption of reasonableness enjoyed by the tariff.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.