H. Z. SHERRILL v. THE WESTERN UNION TELEGRAPH CO.

*Telegraph—Pleadings—Exhibits Attached to—Reasonable Conditions—Action in Lieu of Demand—Real Party in Interest—Parties.*

1. Where a complaint states that a copy of a telegraph message is attached, which copy has the message written upon a blank printed form containing certain conditions, such blank with the message and conditions thereon forms a part of the complaint.

2. A condition by a telegraph company that it will not be liable for damages unless the claim is presented in sixty days after sending the message, is not a condition limiting the liability of the company, or the time within which action must be brought, and is a reasonable one, except in cases where the message was never delivered.

3. Where a telegraph message was never delivered, an action instituted within sixty days after notice of non-delivery is a sufficient compliance with a condition providing that the company will not be liable for damages where the claim is not presented within sixty days after *sending* the message.

4. Plaintiff can maintain an action against a telegraph company for the non-delivery of a telegraphic message which was sent by his sister, whom he had left in charge of his house, to his father whom he was visiting, telling the father to inform plaintiff of the illness of one of his children. The plaintiff, on the face of the message, is the real party in interest.

This was a CIVIL ACTION, heard before *Armfield, J.,* upon complaint and demurrer, at August Term, 1891, of IREDELL Superior Court.

The complaint alleged—

3. That at the time, hereinafter to be mentioned, the plaintiff was in Iredell County and State of North Carolina, at his father's, Franklin Sherrill, on a visit; that at his home in Max, Indiana, he left M. C. Sherrill, his sister, and house-keeper, his wife being dead, and a daughter named Lou, all in good and sound health.

4. That on the 1st day of December, 1890, at the office of said corporation, in the city of Lebanon, State of Indiana, the said M. C. Sherrill caused to be delivered to the agent and employee of said corporation, to be sent to the said Franklin Sherrill at Statesville, State of North Carolina, for the use and benefit of H. Z. Sherrill, this plaintiff, the following telegraph message:

MAX, IND., Dec. 1, 1890.

To MR. FRANKLIN SHERRILL,

Statesville, N. Carolina:

"Tell Henry to come home.  Lou is bad sick."

M. C. SHERRILL.

Tel. answer quick, its paid for here.  16 paid $3.50.  Gt. Spcl Dely.

That Henry named in said message was the plaintiff in this action.  A copy of said telegraph message is hereto attached and asked to be taken as part of this complaint.

5. That, in consideration of the sending of said message over the wires of said company, said corporation was paid, out of the funds of this plaintiff, the sum of $1.18, the regular charge for such message, and the further sum of $3.50 for a special delivery of said message to Franklin Sherrill, where the plaintiff then was.

That said corporation contracted for special delivery, and took the charges therefor, as it had the right to do.

6. That said message, as above set forth, was received at the office of said company in Statesville, State of North Carolina, on said 1st day of December, 1890, but the same was allowed, through the gross negligence of said company, to remain in said office without delivering the same, or attempting to do so, and still remains undelivered to any one.

7. That, by the carelessness and gross negligence of said company and corporation in not delivering said message, as it had contracted to do, .telling him of the sickness of his daughter, this plaintiff failed to know that his said daughter was sick, and was unable to be with her in her last hours. That his said daughter died on the 6th day of December, 1890, and was buried, all unknown to this plaintiff, by reason of such negligence of defendant, he having, on the 9th day of December, 1890, received the first information concerning her condition. That she was under age and living with him, unmarried, at said time.

8. That by reason of the gross negligence and wilful conduct of said corporation in the failure to deliver said message, this plaintiff has suffered great damage, both in body and mind."

The defendant in this action demurred—

1. That it appears, from the complaint, that there was a condition attached to said contract that the defendant should not be liable for damages for any breach thereof unless the claim therefor was presented in writing within. sixty days after sending said message, and the complaint does not allege that the claim upon which this action is founded was presented to the defendant in writing within sixty days after the said message was sent, nor does it appear from the complaint that any demand for said claim was made upon the defendant at any time prior to the bringing of this action.

2. That this complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendant, in that it appears from the face of the com-

plaint that the message in question was sent by one M. C. Sherrill to one Franklin Sherrill, and not to the plaintiff, and it is not alleged in the complaint that the said Franklin Sherrill was the agent of the plaintiff to receive and communicate said message to the plaintiff, nor does it appear from the complaint that there exists any privity between this plaintiff and the said Franklin Sherrill in respect to the alleged contract for sending the said message, nor that there was any contract between the plaintiff and defendant in respect to the said message, nor that any contractual relations existed between the plaintiff and defendant growing out of this alleged contract between the said M. C. Sherrill and the defendant, under which the said message was sent.

3. That the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendant in this, that it fails to show that there existed any relationship between the plaintiff and defendant whereby the plaintiff is entitled to recover of the defendant any damages he may have suffered by reason of the alleged negligence of the defendant in failing to deliver the message mentioned therein.

The demurrer was overruled, and the defendant having excepted, appealed.

*Messrs. Bingham & Caldwell* (by brief), and *M. L. McCorkle*, for plaintiff.
*Messrs. Jones & Tillett* (by brief), for defendant.

CLARK, J.: The complaint states, " a copy of the said telegraph message is hereto attached and asked to be made a part of the complaint." This " copy " is a copy of the telegraph blank with the message written thereon, and contains the proviso on the margin, " The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message." The

contention of the plaintiff that nothing is thereby made a part of the complaint except the words of the message itself is unfounded. The words of the bare message itself were already set out in the complaint, and there could have been no object in attaching another copy. The words must be taken to refer to the " copy" as actually attached, which is a copy of the contract between the parties, evidenced by the blank message written thereon and the printed stipulations on the margin.

The stipulation that the company will not be liable unless the claim is presented " in writing and within sixty days," is not a stipulation restricting the liability of the telegraph company for negligence. *Massengale* v. *Tel. Co.*, 17 Mo. App., 257. If it were, it would be void, as was held in *Thompson* v. *Telegraph Co.*, 107 N. C., 449; *Smith* v. *Telegraph Co.* 83 Ky., 104; *Gillis* v. *Telegraph Co.*, 61 Vt., 461; 15 Am. St Rep., 917, in which last case numerous authorities are cited. But this stipulation is rather against the neglect of the plaintiff in not making known his cause of complaint within a reasonable time. It is a reasonable requirement, enabling the company to enquire into the nature and circumstances of a mistake in or of the delay or non-delivery of the message, while the matter is still within the memory of witnesses. In view of the number of telegrams constantly passing over the wires, some such stipulation is absolutely necessary to protect the company from imposition. It is not a statute of limitations restricting the time within which action may be brought. This stipulation has been held reasonable in many decided cases cited by Freeman in his Notes, on p. 471 of 71 Am. Dec., as well as by a very recent case, *Telegraph Co.* v. *Dougherty* (Ark.), 11, Lawyers Annotated Rep., 102. The period of sixty days has also been held a reasonable time in many cases (with scarcely any to the contrary), which are collected by Judge Thompson in his recent work, " The Law of Electricity," § 247. Such stipulation relieves the telegraph

company "from no part of their obligations. They are bound to the same diligence, fidelity and care as they would have been required to exercise if no such agreement had been made," since all that the stipulation requires is that the plaintiff should give notice of his loss "in season to enable the defendant to ascertain the facts." *So. Exp. Co. v. Caldwell*, 21 Wall., 264. There are, however, circumstances in which the stipulation for sixty days would be unreasonable, as was pointed out by Judge Speer in the U. S. C. C. in a late case, *Johnston v. Telegraph Co.*, 33 Fed. Rep., 362, as, for instance (as was the fact in that case as in this), where a prepaid message has never been delivered. The Court goes on to say that a stipulation of thirty days after the message is *sent* would be unreasonable in such case, for the failure of the company to deliver it would deprive the plaintiff perhaps of all notice that a telegram had been sent to him, and the company could prevent all redress by holding the telegram till after the time within which it is stipulated that the demand on them must be made. In the case before us it is set out in the complaint that the company "contracted for special delivery and took the charges therefor," and that the message has never been delivered. The plaintiff has made no demand before suit brought, but the general rule that the commencement of an action is equivalent to a demand applies to cases of this kind. Thompson on Electricity, § 256. If, therefore, the action was begun within sixty days after knowledge by the plaintiff of the failure to deliver the message, it would be such compliance with the stipulation as could be required in a case where a message was not delivered at all. If not brought within such time, the plaintiff is barred by his own negligence in not presenting his claim within the specified time. It does not appear in the complaint when such knowledge came to the plaintiff, but it does appear therein that the message has not been delivered at all. Hence, the demurrer because the plaintiff did not pre-

sent his claim within sixty days after the message was *sent*, was properly overruled. If defendant wishes to insist that plaintiff did not give notice of his claim within sixty days after knowledge of the non-delivery, he must set this up by answer.

It appears in the complaint that the telegram was sent by his sister, whom the plaintiff had left in charge of his house in Indiana (his wife being dead), in regard to the illness of his daughter, its cost was prepaid out of plaintiff's funds, and it was directed to his father, at whose house, in this State, he was on a visit, "for the use and benefit," it is alleged, "of the plaintiff," and defendant contracted to deliver it at such house by special delivery. The telegram requested the father to tell the plaintiff to come home, that his daughter was very ill. The plaintiff could, therefore, maintain the action both because the sister was his agent for the purpose of sending the telegram, and also because the plaintiff was the beneficial party in the contemplation of the contract of sending the message, since it was on its face sent for his benefit, and he was the party who alone would be injured by its negligent delay or non-delivery, and it is averred that the defendant received the message to be transmitted "for the use and benefit of" the plaintiff. The demurrer on the second and third grounds was, therefore, properly overruled. *Young* v. *Telegraph Co.*, 107 N. C., 370; *Adams* v. *Telegraph Co.*, 16 Am. St. Rep., 924; *Burton* v. *Larkin*, 36 Kan., 246.

Affirmed.