N. A. LEWIS v. WESTERN UNION TELEGRAPH COMPANY.

*Telegraph Company—Delay in Delivering Message—Contract—Notice of Claim.*

> In the trial of an action against a telegraph company for damages for delay in delivering a telegram, it appeared that the contract under which the company transmitted it was that the company should not be liable for any claim not presented in writing within sixty days from the time of filing the message for transmission, and it also appeared that no written notice was given of plaintiff's claim within such period; *Held*, that the plaintiff cannot recover.

ACTION for damages for delay in delivering a telegraphic message, tried before *Battle, J.*, at August Term, 1894, of FORSYTH Superior Court. On the trial it appeared that the brother of the plaintiff filed a message, prepaid, with the agent of the defendant at Barksdale, Va., at 8 o'clock, A. M., November 21, 1891, for transmission to plaintiff at Winston, N. C., where he lived. The telegram announced the serious illness of plaintiff's sister and requested him to come to her at once, and was delivered to plaintiff at 10:30 o'clock, A. M., November 23, 1891. No notice of a claim for damages for the delay was given within 60 days from the 21st November, 1891. The message was written upon a blank, upon which was printed the stipulation that the telegraph company should not be liable for any damages for delay in delivering the message unless presented within sixty days from the time of filing the message for transmission.

His Honor held that plaintiff was not entitled to recover and so instructed the jury, who returned a verdict for the defendant, and plaintiff appealed.

*Messrs. Glenn & Manly*, for plaintiff (appellant).

*Messrs. R. C. Strong* and *Watson & Buxton*, for defendant.

FURCHES, J.:   This case turns on one point. The action was not commenced, nor was there any written notice given the defendant of plaintiff's claim, for more than 60 days from the time when the telegram was sent, or when it was received.   On the argument before us it was stated by counsel that the sender made no contract with the defendant to give notice of any claim for damage against defendant on account of negligence, within 60 days, as a condition necessary to plaintiff's right of action.   And that the condition contained in the printed matter on the paper containing the message delivered to the plaintiff was not the contract and did not bind the plaintiff.   Upon this state of facts we were prepared to agree with plaintiff that the notice on the message delivered to plaintiff was not the contract, and that plaintiff was not thereby restricted to 60 days in which he must commence his action, and was only limited by the statute of limitations.   As a matter of fact, what was stated by plaintiff's counsel as to the condition upon which this message was sent from the defendant's office in Virginia may be true.   But, as a Court of Appeals, we are confined to the record, and upon an examination of this we fail to see any statement sustaining this statement.   While on the other hand, we find in the statement of the case on appeal the following statement: "The plaintiff introduced the following evidence, to-wit: A telegram from J. F. Lewis to N. A. Lewis, plaintiff, a copy of which is hereto attached as exhibit No. 2."

Exhibit No. 2, after stating many other conditions, contains the following: "Nor in any case where the claim is not presented in writing within 60 days after the message

LEWIS *v.* TELEGRAPH COMPANY.

is filed with the company for transmission." The plaintiff introduces this as his evidence of the contract, and we have no right to make any other for him. He shows no reason for making his case an exception to the general rule, that his delay was caused by any act of defendant. Therefore, this case falls within the rule laid down in *Sherrill* v. *Tel. Co.*, 109 N. C., 527, and the judgment of the court below must be affirmed.

And while we affirm this judgment, we do so because we find the law so written and not because we believe the defendant discharged its duty to the plaintiff. The facts in this case show the grossest negligence and the greatest indifference on the part of defendant in discharge of its duty to plaintiff, in a case that would have appealed to the better sentiment of humanity in almost any one. The repetition of this case and other similar cases which have been before this Court are calculated to create a public sentiment which will, before a great while, correct such conduct as this on the part of the defendant by doing away with a lot of fine printed conditions on the blanks upon which a quasi-public servant writes the telegrams sent over its line, and which are never read by the sender. Or, the government will be compelled to take charge of this line of communication and destroy this over-grown monopoly and protect its citizens; but this is a matter for legislation.

Affirmed.