### EAKER v. WESTERN UNION TEL. CO.

1. DELAY IN DELIVERY OF TELEGRAM—NEGLIGENCE.—From fact that a telegram was not delivered for twenty-seven hours, jury may infer that delay was unreasonable, which would establish a *prima facie* case of negligence.

2. WAIVER OF TIME LIMIT FOR FILING CLAIM.—Letters of superintendent of telegraph company in response to letter of addressee of telegram asking for information as to what point message was sent from, at what date and name of sender, is not evidence of intention on part of company to waive its right to require claim for damages to be filed within sixty days.

*Hayes v. Tel. Co.,* 70 S. C., 16, *distinguished from this.*

Before TOWNSEND, J., Cherokee. Reversed.

Action by Wm. Eaker against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Evans & Finley* and *J. C. Jeffries,* for appellant, cite: *Letters did not show intent to waive right to time limit of filing claim:* 70 S. C., 23; 73 S. C., 8;

66 Pa. St., 9; 18 Wis., 387; 10 Am. & Eng. In. Cas., 550.
*No negligence in delivery:* 30 Am. & Eng. In. Cas., 612; 13
S. W., 985; 27 Ency., 1027; 98 Ind., 566.

*Messrs. J. B. Bell* and *Sanders & DePass,* contra. The
latter cite: *Letter from superintendent was properly admitted
in evidence:* 3 Wigmore on Ev., secs. 2148. 2153; 70 S. C.,
22. *Mere delay in delivery of telegram raises presumption
of negligence:* 69 S. C., 545. *Rules of a carrier should be
construed against it:* 54 Am. St. R., 520.

August 16, 1906. The opinion of the Court was de-
livered by.

MR. JUSTICE GARY.    This is an action for damages under
the mental anguish statute, alleged to have been sustained by
the plaintiff through the negligence and wilfulness of the
defendant in failing to deliver a telegram.    The allegations
of the complaint that are material to the issues involved are
as follows:

"That on November 8, 1902, J. A. Eaker, a brother of
plaintiff, presented and filed with defendant at its office in
the said town of Shelby the folloying message:

" 'G. W. Eaker, Cowpens, S. C.    Father worse; can't last
much longer.    Come at once.    J. A. Eaker.'

"That defendant at said time and place received said mes-
sage and promised promptly to transmit the same to G. W.
Eaker, and that the said J. A. Eaker, in consideration
thereof, prepaid to the defendant its charges therefor.    That
at said time plaintiff did not reside within the delivery limits
of the defendant, but plaintiff had previously arranged with
his brother—J. A. Eaker—to send plaintiff a telegram over
defendant's lines in case plaintiff's father grew worse.    That
in anticipation of the receipt of said message plaintiff ap-
pointed one James Williams, policeman at Cowpens, to
receive such message as might be sent, and to transmit same
to plaintiff at his residence, and also notified defendant's
agent at Cowpens to deliver any message sent to plaintiff to

the said James Williams, and said agent agreed to same. That said message was received by the defendant at its office at Cowpens on the 8th day of November, 1902, at 12.30 P. M.   That although at the time of the receipt of said message, and for twenty-four hours thereafter, the said James Williams was in the town of Cowpens continuously, within the delivery limits of the defendant and within easy access of defendant, the defendant wilfully, maliciously, carelessly, grossly, negligently and without regard to the rights of the plaintiff, and with notice of the importance of said message to plaintiff, failed and refused to deliver same to plaintiff's agent, as it had agreed to do, and held said message in its office until the next day, in consequence of which said message did not reach plaintiff until 3 o'clock P. M., on November 9, 1902.

"That if defendant had delivered said message promptly to the said James Williams in accordance with said instructions and agreement, as was its duty, the said Williams could and would have promptly transmitted the same to plaintiff; or if the defendant had sent said message out to plaintiff, as it had contracted to do for a valuable consideration, plaintiff could and would have been present with his father in his last illness and at his death with his family in their grief and bereavement.   That the said father of plaintiff died on the morning of November 9, 1902."

The defendant denied the allegations of the complaint and set up the following as a defense to said action: "That if a message was sent, as set forth in the complaint, it was written upon a regular sending blank furnished by defendant, and plaintiff agreed, before said message was sent or accepted by defendant, to the following terms and conditions printed on said sending blank: 'Messages will be delivered free within the established free delivery limits of the terminal office.   For delivery at a greater distance, a special charge will be made to cover the costs of such delivery. The company will not be liable for damages or statutory penalties in any case where the claim is not presented in

writing within sixty days after the message is filed with the company for transmission.' That plaintiff has filed no claim for damages with defendant within sixty days from the receipt of said message by defendant, as he was in duty bound to do, nor has he ever claimed such damages until the filing of the complaint herein."

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit as to the cause of action based upon wilfulness, and also as to the cause of action based upon negligence, on the grounds that there was no testimony tending to show either wilfulness or negligence. This motion was refused. Thereafter the plaintiff withdrew his claim for punitive damages.

The defendant renewed its motion for nonsuit after all the testimony on both sides had been introduced, on the ground that there was no testimony tending to show waiver on the part of the defendant to insist upon the fact that the claim was not presented in writing within sixty days after the message was filed with the company for transmission. This motion was likewise refused.

The jury rendered a verdict in favor of the plaintiff for $250, and the defendant appealed.

The first question that will be considered is whether there was any testimony tending to show negligence in delivering the telegram. There was testimony tending to show that the delay in delivering the message was so great that the jury might very properly have drawn the inference that it was unreasonable, which would have established a *prima facie* case against the defendant. *Poulnot* v. *Tel. Co.,* 69 S. C., 545, 48 S. E., 622. There was no error, therefore, in refusing the nonsuit on this ground.

The next question for consideration is whether there was any testimony tending to show waiver of the requirement that the claim should have been presented in writing within sixty days after the message was filed with the company for transmission. The only statements

made by those having authority to bind the company are contained in the following letters:

"Richmond, Va., Feb. 15, 1904.
"Mr. G. W. Eaker, Converse, Spartanburg Co., S. C.

"Dear sir: Referring to your letter of 13th inst., I beg to advise that same has been referred to Supt. J. M. Stephens, of this company's service at Atlanta, Ga., who will give the matter the necessary attention.    Yours truly,

    S-S                        F. E. Clary, Supt.   -S."

"Atlanta, Ga., March 4th, 1904.
"Mr. G. W. Eaker, Converse, S. C.

"Dear Sir: Your letter dated February 13th, addressed to the superintendent of this company at Richmond, Va., has been forwarded to me.   You do not state in your letter from what point the message was sent, neither do you give the date.   I will be glad if you will furnish me this information, and also the name of the party who sent you the message.   Yours truly.     J. M. Stephens, Superintendent."

The case under consideration is quite different from the case of *Hayes* v. *Tel. Co.,* 70 S. C., 16, 48 S. E., 608.   In this case the letters show that the defendant only desired information as to such facts as would identify the telegram which had been delivered for transmission; and it is but reasonable to suppose that the plaintiff could have furnished the desired information without incurring expense or in any manner endangering his rights.   Otherwise he was not in a position to present a correct statement of his claim.   There was nothing in said letters calculated to induce the plaintiff to change his course in the assertion of his rights, or to make him believe it was the intention of the defendant to waive any of its rights.   His Honor, the presiding Judge, therefore, erred in refusing to sustain the motion for nonsuit on this ground.

This practically disposes of the exceptions relating to waiver.

There are other exceptions assigning error in the charge of the presiding Judge, but when the portions of the charge set forth in the exceptions are considered in connection with the entire charge, it will be seen that there was no error.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.