WESTERN UNION TELEGRAPH COMPANY *v.* NELSON.

Opinion delivered May 25, 1908.

TELEGRAPH COMPANY—SUFFICIENCY OF NOTICE OF CLAIM.—Under a stipulation that a telegraph company "will not be liable for damages or statutory penalties in any case where the claim is not presented within sixty days after the message is filed with the company for transmission," a notice which limited the amount claimed to compensation "sustained in actual money" will not permit of a recovery of damages for mental anguish.

Appeal from Little River Circuit Court; *James S. Steel,*
Judge; reversed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. The letter mentions mental worry, but there is no claim
for damages on that account. This case is controlled by *Telegraph Company* v. *Moxley,* 80 Ark. 554.

The items of cash expended were properly disallowed. 53
Ark. 434.

2. This State having proclaimed a quarantine against the
State of Louisiana of which appellant had knowledge, his telegram was an invitation to the commission of a criminal act, and
he is not entitled to recover damages. 11 Fed. 193; 75 Ga. 366;
83 Ga. 25; 47 Atl. 926; 118 Mich. 369; 72 Miss. 1025; 45 S. C.
344; 39 S. W. 599.

*J. T. Cowling,* for appellee.

1. The Moxley case, 80 Ark. 554, ought not to conclude
this case because the facts are different. He made no attempt
to present a claim for damages. Here the claim both for mental
anguish and actual damages is fairly presented in the letter,
when the whole of it is construed together.

2. Reference to the Governor's proclamation will show
that obedience to instructions contained in the telegram would
not have conflicted with the proclamation and executive order,
and would have violated no law.

McCULLOCH, J. During the yellow fever epidemic of 1905
the plaintiff sent a telegraphic message from Foreman, Arkansas, to his wife at Montgomery, Louisiana, requesting her to
procure a health certificate and come at once to Washington,
Arkansas. The message was not delivered, and he sued the
telegraph company for damages by reason of the alleged negligence. He claims certain expenses incurred in going to his
wife and mental anguish suffered by reason of his wife being
detained in the infected district until the quarantine regulations
of this State prevented her from coming here.

The blank upon which the message was written contained
the usual stipulation, that "the company will not be liable for
damages or statutory penalties in any case where the claim is not

presented within sixty days after the message is filed with the company for transmission."

The only claim presented by plaintiff to the company within the time specified was contained in a letter addressed to the superintendent of the company which, after reciting the circumstances, is as follows:

"I have consulted three law firms; each one says I have a good cause against your company, and I simply write this letter as means of avoiding a law suit. I have never been in court except as a spectator; am thirty-seven years of age, and have been an itinerant Methodist preacher thirteen years. All in the world I want is loss I have sustained in actual money. My family just got home, and had to stay in detention camp eight days with guard, and I paid all expenses. I write you this letter for a twofold purpose: to notify you I have sustained at least $75.00, beside all mental worry and inconvenience both to myself, my wife and two children; and also to comply with requirements on back of telegraph slips. I do not care to go into court, and my lawyers have not authorized me to write this letter, but have stated to me that I have a good case against your company for damages."

The court, by peremptory instruction, refused to allow a recovery for amount of money alleged to have been expended by plaintiff, and the jury returned a verdict in favor of plaintiff for the sum of $250 damages for mental anguish.

The claim presented to the company was not sufficient, under the contract, to cover the element of damages for mental anguish. *Western Union Tel. Co.* v. *Moxley,* 80 Ark. 554. The writer did not agree to the conclusion reached by a majority of the judges in the case cited above, but it is settled now as the law and must be adhered to. The law there announced is undoubtedly decisive of the present case. In the opinion Mr. Justice RIDDICK stated clearly that mere notice given to the company of the negligence of its employees, with the circumstances thereof, is not sufficient compliance with the stipulation of the contract, and that there can be no recovery of damages not claimed in the notice. The plaintiff in his notice to the company expressly limited the amount claimed to compensation for

loss "sustained in actual money." His right to recover must therefore be limited to that element of damages.

Reversed and remanded for new trial.