R. N. SYKES v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 7 April, 1909.)

**Telegraphs — Negligence — Message—Reasonable Stipulation's—Demand in Sixty Days.**

> A stipulation written on the back of a telegraph message, requiring, in effect, that a claim for damages should be presented within sixty days or recovery thereon would be barred, will be upheld as a reasonable regulation when it appears that the party claiming damages knew of the company's default more than sixty days before the action was brought, and made no claim therefor in that time.

ACTION tried before *Long, J.,* and a jury, at January Term, 1909, of DURHAM.

Plaintiff appealed.

*Benj. Lovenstein* and *Manning & Foushee* for plaintiff.
*F. L. Fuller* and *Tillett & Guthrie* for defendant.

WALKER, J. This action was brought to recover damages for mental anguish, alleged to have been caused by the negligent failure of the defendant to deliver a death message. Plaintiff's wife was critically ill, and his brother, J. W. Sykes, in his own name, but as agent for the plaintiff, N. R. Sykes, delivered a telegram to the defendant, at Durham, N. C., to be sent to Caze Cates, at Haw River, N. C., for the purpose of informing the plaintiff's two sisters of his wife's condition, though their names were not mentioned in the message, nor was the defendant's operator notified that it was sent for that purpose. The message, which was sent on 6 December, 1907, was not delivered, but on 7 December, 1907, the plaintiff learned of its nondelivery. This action was commenced 13 March, 1908. The contract with the company required that the plaintiff should present his claim within sixty days after the filing of the message for transmission or be barred of a recovery. It was admitted that no claim had been presented, although the plaintiff knew of the defendant's default more than sixty days before this action was commenced. At the close of the evidence the court, on motion of the defendant, nonsuited the plaintiff, under the statute, and

he appealed. The validity of the stipulation as to presenting the plaintiff's claim within sixty days after knowledge of the nondelivery of the message has been received by him is too well settled now to be questioned. "The object of the requirement is to give the company cognizance of facts creating the liability, in order that it may use these for investigating the cause of the loss or injury. It is impossible for these companies to keep up with all mistakes of their employees and the injuries arising therefrom; and, while they may be clearly liable for claims presented—and for which they would readily, without suit, indemnify the injured party—yet, if they have no facts on which to base an investigation, in order to determine whether they are liable, they would very probably be heavily taxed with an expensive litigation. So, if the plaintiff has good grounds to recover damages, he should impart these facts to the company, in order to avoid litigation." Jones on Telegraph and Telephone Companies, p. 380, sec. 395. The object, therefore, in requiring notice of the claim is to enable the company to ascertain whether it is liable for the damage. This stipulation exempting the company from liability, where the claim for damages is not presented in sixty days, is not a condition restricting its liability for negligence, nor is it in the nature of a provision limiting the time within which an action may be commenced and therefore having the force and effect of the statute of limitations. We have so held in *Sherrill v. Telegraph Co.*, 109 N. C., 527. In that case the Court, by the present Chief Justice, after deciding in favor of the validity of the stipulation, says: "If, therefore, the action was begun within sixty days after knowledge by the plaintiff of the failure to deliver the message, it would be such compliance with the stipulation as could be required in a case where a message was not delivered at all. If not brought within such time, the plaintiff is barred by his own negligence in not presenting his claim within the specified time." It is admitted in the case, and was also admitted here at the bar, that the action was brought more than sixty days after the plaintiff had acquired knowledge of the nondelivery of the message, and under the authority of that decision this action cannot be maintained. The court properly ordered

PARKER *v.* RAILROAD.

a nonsuit to be entered. It is so expressly decided in *Lewis v. Telegraph Co.*, 117 N. C., 436. The defendant was guilty of inexcusable negligence in this case, but the plaintiff's failure to comply with a plain and valid stipulation requiring notice of his claim to be given has forfeited his right to recover against the defendant, even for its gross violation of duty.

No Error.