## J. C. LYTLE v. WESTERN UNION TELEGRAPH COMPANY.

### (Filed 13 May, 1914.)

**Telegraphs—Valid Stipulations—Sixty Days—Written Demand.**

> The stipulation on a telegraphic message that "the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days," etc., is a valid one, requiring that a written claim be presented within the time specified, identifying the message, stating the negligence complained of, and the nature and extent of the demand, so as to enable the company to investigate and ascertain its liability; and a verbal notice or a threat made by the complaining party to the company's agent that, as the company had been negligent, some one would have to pay for it, is totally insufficient.

APPEAL by plaintiff from *Justice, J.,* at May Term, 1914, of RUTHERFORD.

Action for negligent delay in delivering a telegram.

It appears from the evidence that the plaintiff's mother, who resided in Blacksburg, S. C., died on 2 June, 1911, and that at 6:16 p. m. on the same day a message was filed at Blacksburg, S. C., addressed to the plaintiff at Altapass, N. C., care of Altapass Inn, reading: "Your mother died this p. m. at 6 o'clock." This message was delivered to the plaintiff at 9:30 a. m. on 3 June, and the plaintiff left Altapass at 2:24 that afternoon and reached Blacksburg at 9 o'clock that night. There was a train leaving Altapass at 6:15 a. m., and if the plaintiff had caught that train she would have gotten to Blacksburg at 4 o'clock in the afternoon. When the plaintiff arrived at Blacksburg she found that her mother had been buried at 5:30 p. m. The plaintiff received the message through the clerk of the hotel at Altapass, to whom it had been delivered by the defendant.

As the plaintiff was leaving Altapass, she had a conversation with Mr. Sloan, the defendant's agent, who told her that he was sorry that the message had not been delivered the night before. The plaintiff returned to Altapass in a few days after-

wards, and told the agent the delay of the message had caused her not to see her mother buried. The agent was reticent about it, and the plaintiff then stated: "Some one will have to pay for this." This last conversation took place just a few days after the funeral. If the plaintiff had received the telegram before the 6:15 a. m. train on 3 July, she could and would have gone on that train and would have arrived in Blacksburg at 4 o'clock that afternoon. The plaintiff introduced evidence tending to show that she suffered mental anguish because she did not see her mother buried, and also on account of the fact that she knew some of her mother's wishes were not carried out. The message introduced in evidence by the plaintiff contained the following stipulation: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission." The plaintiff testified further that no written claim for damages had ever been filed and no suit brought until 19 October, 1911, the summons issued on that date having been served on the defendant 20 October.

At the close of the testimony the court gave judgment of nonsuit, and plaintiff appealed.

*Pless & Winborne, York Coleman, and D. F. Morrow for plaintiff.*
*A. S. Barnard for defendant.*

WALKER, J., after stating the case: It is stated in the briefs that the court granted the nonsuit upon the ground that the plaintiff had not complied with the stipulation between the parties that the claim for damages must be presented in writing within sixty days after the message is filed with the company for transmission. This, we have held, is a reasonable provision, and if not complied with, defeats a recovery. *Sherrill v. Telegraph Co.,* 109 N. C., 527; *Lewis v. Telegraph Co.,* 117 N. C., 436; *Sykes v. Telegraph Co.,* 150 N. C., 431; *Barnes v. Telegraph Co.,* 156 N. C., 150. It is said in Jones on Telegraph

and Telephone Companies, sec. 393: "The presentation of the claim must be in writing. The object in requiring the claim to be in writing, further than for the reason that the stipulations expressly require this, is that the officers of the company who have the power to act on such claims may have the nature and extent of the claimant's demand directly. The claim agents would not have the opportunity to give the notices proper consideration if they were given orally through the operator; and if the nature of the claim was in dispute, in an action arising out of the claim, the written notice could, and should, be introduced to show the true nature of the demand. Another reason for holding that these claims should be in writing is that in the great amount of business of these companies an oral notice would not as likely reach the proper officers of the company, where it should have proper consideration." This reason for requiring a compliance with the stipulation was substantially approved in *Sherrill v. Telegraph Co., supra,* and *Sykes v. Telegraph Co., supra.* In the former case it was said by the present *Chief Justice:* "The plaintiff is barred by his own negligence in not presenting his claim within the specified time." It has been held that mere notice that a claim will be made is not a compliance with this stipulation. The claim presented should identify the message, state the negligence complained of, and so clearly set forth the nature and extent of the plaintiff's demand as to enable the telegraph company to ascertain whether it is liable, and, if liable, that it be informed of the extent thereof. *Telegraph Co. v. Moss,* 63 S. E., 590; *Manier v. Telegraph Co.,* 29 S. W., 732; *Baker v. Telegraph Co.,* 55 S. E., 129; *Toole v. Telegraph Co.,* 57 S. E., 117; *Telegraph Co. v. Shields,* 82 S. W., 484; 27 A. and E. Enc. of Law, 1048; *Telegraph Co. v. Nelson,* 111 S. W., 274, citing *Telegraph Co. v. Moxley,* 98 S. W., 112, which is directly in point.

In *Telegraph Co. v. Courtenay,* 82 S. W., 484, the Court thus states the rule: "The presentation of the claim must be in writing, fairly identifying the message in question and stating the negligence complained of, and the nature and extent of the damages suffered." And again: "The object and purpose of the

stipulation is that the company may have notice of the claim made against it, and intelligently settle with the plaintiff or prepare its defense, while the facts are known and evidence of them obtainable." Croswell on Electricity, sec. 558; *Telegraph Co. v. Brown,* 84 Texas, 54.

But when we hold that the stipulation is a reasonable and valid one, it cannot be said that the plaintiff has complied with it in this instance. A mere casual remark to the agent at Altapass that the message had been delayed, and some one would have to pay for it, was in no sense a claim or demand such as is contemplated by the contract. It was not in writing, as required by the stipulation, nor did it give any fair or adequate idea of her claim, being entirely too indefinite. The authorities we have cited, and they seem to be uniform, are clearly opposed to the contention that it is a sufficient compliance with the contract. The cases relied on by plaintiff are not applicable. The facts were not the same as those we have here.

No error.