## J. F. BENNETT v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 31 March, 1915.)

1. **Telegraphs—Written Demand—"Sixty Days"—Valid Stipulations.**
   The stipulation printed on the back of a telegraph blank requiring that any claim for damages must be presented to the company in writing within sixty days after filing the message, is a reasonable and valid one.

2. **Same—Sufficient Compliance.**
   It is a sufficient compliance with the stipulation printed on the back of a telegram requiring that a claim for damages must be presented to the company in writing within sixty days, when the plaintiff, the sendee of the message, promptly notifies the agent at the terminal point that he would bring suit for the delay, and afterwards writes the agent at the

receiving point that he "would make demand on the company for $5,000 for nondelivery of the telegram sent to him at R. on 29 April, 1912," it further appearing that this had been the only message sent to him, and that all of the communications occurred within the sixty days stipulated for by the company.

**3. Same—Parol Evidence—Notice to Produce Original.**

In an action to recover damages of a telegraph company for its negligent failure to deliver a message relating to sickness, the court permitted the plaintiff to testify as to the contents of a letter written to defendant's agent within the sixty days (after notification to the defendant and its failure to produce the original letter) that he "would make demand on it for $5,000 for nondelivery of the telegram sent to him at R. on 29 April, 1912," but rejected testimony as to what the message was about, or its nature. *Held*, the ruling of the court excluding this evidence was erroneous.

**4. Damages—Written Demand—Telegraphs—Mailing Letter—Presumptions.**

The mailing of a letter properly addressed is presumptive evidence that it was received by the addressee within a reasonable time, which applies, in this case, to a letter making demand upon a telegraph company for damages arising from its negligent delay in delivering a telegram to the sendee.

APPEAL by plaintiff from *Cooke, J.,* at October Term, 1914, of CUMBERLAND.

*Shaw & MacLean for plaintiff.*
*Rose & Rose and George H. Fearons for defendant.*

CLARK, C. J. This is an appeal from a nonsuit in an action to recover damages for mental anguish caused by failure to deliver a telegram. The plaintiff left the bedside of his brother, who was quite ill at his home near Bennettsville, S. C., on Sunday afternoon, 28 April, 1913. The physicians told him that he might safely leave, but he enjoined the family to wire him if his brother grew worse. Next morning the brother-in-law of the brother phoned to Hamlet and caused the following telegram to be sent, addressed to the plaintiff at Raeford, N. C.: "Come back to see your brother at once. W. H. Pearson." This telegram was filed at 9 a. m., according to the evidence for the plaintiff, which must be taken as true on this appeal.

The plaintiff testified that he called that day at the defendant's office in Raeford three times, *i. e.,* at 12 o'clock, at 1 p. m., and again at 3 p. m., and asked for a telegram, but was told there was none for him; he left at 3 p. m., and asked the defendant's agent to forward the telegram, if any came for him, to Aberdeen. This was not done, and he did not receive the telegram till he got back to Hamlet Tuesday night and had learned that his brother had died at 2:30 p. m. that day. The

168—32

defendant company then presented a bill for 25 cents for the telegram, which the plaintiff says he paid under protest, saying that he would bring suit for damages.

The plaintiff further testified that at Raeford he was 35 miles from his brother's home, and if the telegram had been delivered, he would at once have gone to his brother's bedside either by train, which made connection, or through the country by automobile or with horses. He testified to the close and affectionate relations that existed between him and his brother, and the mental anguish he suffered by reason of being deprived of an opportunity of seeing him again by reason of the nondelivery of the telegram.

On the back of the telegraph blank was the usual requirement that any claim for damages must be presented to the company in writing within sixty days after filing the message. This regulation has been held reasonable and valid in *Sherrill v. Tel. Co.,* 109 N. C., 527, and has been often approved since; see citations in Anno. Ed.

The plaintiff further testified that on 29 May, 1912, he wrote a letter addressed to the defendant's agent at Hamlet, which he posted himself in the post-office at Georgetown, S. C. The court would not permit him to testify as to the contents of this letter. He thereupon served notice on the defendant's counsel to produce the letter, and this not being done, the court permitted him to testify that in said letter he stated to the company that he "would make demands on it for $5,000 for nondelivery of the telegram sent to him at Raeford on 29 April, 1912." He was then asked: "Did you tell him (the addressee of the letter) what the telegram was, or what the nature of it was?" On objection by the defendant, this was ruled out, and the plaintiff excepted, as he also did to the nonsuit, which was granted on motion of the defendant.

It was error to exclude the question, which was asked to show more fully the contents of the letter, and it was also error to grant the nonsuit. The court seems to have been of opinion that the letter was not sufficient to identify the telegram. But there was no evidence of any other telegram sent from Hamlet to the plaintiff on 29 April, or on any other day. There was also evidence, which must be taken as true, that the defendant had been already put on notice by the plaintiff of his dissatisfaction, at the time payment was collected from him for the telegram.

The object of the sixty days notice, as stated in *Sherrill v. Tel. Co., supra,* is to give the telegraph company notice within sixty days, before its records may be sent off or the memory of its agents becomes indistinct. This letter was sufficient to recall the matter to the attention of the agent at Hamlet, and was mailed within the sixty days. *Lytle v.*

*Tel. Co.,* 165 N. C., 504. Such mailing raised the "presumption that the letter was received, and therefore was duly served." *Cogdell v. R. R.,* 132 N. C., 855, citing *Bragaw v. Supreme Lodge,* 124 N. C., 154.

The judgment of nonsuit is

Reversed.