### J. B. MASON v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 24 May, 1915.)

1. **Telegraphs—Valid Stipulation—Written Demand—Suit Brought—Reasonable Compliance.**

    The stipulation on the back of a telegram requiring that a written demand within sixty days be made on the company for damages claimed for its negligent transmission or delivery is reasonable and valid and subject to reasonable enforcement; and where action has been begun within the time stated, it is equivalent to the required notice.

2. **Same—Two Messages—Demand as to One.**

    Where suit has been brought against a telegraph company for damages for negligence in handling two telegrams upon the same subject-matter, within the sixty days stipulated upon the message blank, sent within five days of each other, and complaint filed at the proper term of court, it is held that the terms of the stipulation have been reasonably complied with, and this is not affected by the fact that within the sixty days the plaintiff had made demand only upon the second message; and where recovery is had only upon the first one, the defendant cannot reasonably object upon the ground that it had been misled.

APPEAL by defendant from *Justice, J.,* at November Term, 1914, of CHEROKEE.

Civil action to recover damages for negligence on part of the defendant telegraph company.

There was evidence on part of plaintiff tending to show that, on 30 October, 1910, plaintiff, whose son was very ill at his home in said county, sent a telegraphic message from Nantahala, N. C., to Dr. Morrow, at Andrews, importing urgency, and same was not delivered, and by reason of such failure the doctor did not attend in response to said message. Later, on 4 November, plaintiff sent another message to the doctor, still more urgent, and it was claimed there was negligence in delivering this message, by reason of which the doctor's arrival was delayed from about 8 a. m. to 2 p. m. of same day, 4 November; that this boy was in a dying condition when the doctor arrived, and died the second day after the last message was sent.

There was a verdict for the plaintiff as to negligent failure to deliver the first message, 30 October, and for defendant as to second message, 4 November, and damages assessed at $300.

Plaintiff introduced a written notice, of date 16 December, 1910, containing claim for damages in $2,000, for negligent failure to deliver the message of 4 November, and further, the summons in the present action, issued 16 December, 1910, and complaint, regularly filed therein, at the next term of Superior Court, 4 April, 1911, claiming damages for negligence in case of both messages.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Dillard & Hill for plaintiff.*
*Alf. S. Barnard, George H. Fearons for defendant.*

HOKE, J., after stating the case: Our cases on this subject are to the effect that the ordinary and usual stipulation, requiring that claims for damages, arising from the company's negligence in the transmission or delivery of a telegraphic message, shall be made in writing and within sixty days from the sending, is a reasonable one, except, perhaps, in certain instances, where there is an entire failure to deliver and they also hold that when an action for such negligence is instituted within the sixty days the giving of such notice is dispensed with, and a failure in this respect is not then available as a defense. This was fully recognized in *Sherrill v. Tel. Co.,* 109 N. C., 527, and expressly decided in the subsequent case of *Bryan v. Tel. Co.,* 133 N. C., 604.

In the present instance the message on which recovery has been had was received for transmission on 30 October, 1910. The action was instituted on 16 December following, and the case, therefore, comes directly within the principle of the decisions referred to, and we see no reason why the judgment should not be affirmed.

It is earnestly urged for defendant that not only was no written notice filed within the sixty days, but the claim that was filed made demand on an entirely different message, towit, that of 4 November, and, to apply the principle of *Bryan's case* would operate with great harshness on the company, as it has been positively misled. But, on the facts in evidence, we are not impressed with this view. Even if it was sufficiently presented, the position would not, in our opinion, justify a departure from a principle established and acted on as the law of the State for the past fifteen years and more; but, on the record, we think that no such claim can be sustained. These stipulations have been upheld because it is deemed fair and right that the company shall be notified before the witnesses may disappear and while the facts may be made available by proper inquiry. We know that Nantahala and Andrews, villages on the railroad, have no such great amount of business that the facts relevant to a message of this character are likely to escape observation, and a perusal of the testimony will show that the action was instituted six weeks after the message was sent; that a complaint, giving specific notice of the demand, was regularly filed at the first term of the Superior Court thereafter and five months from such date, and not only was the defendant not deprived of opportunity to inquire, in this instance, by lapse of time, but there is uncontradicted evidence of the doctor, the addressee of the message, to the effect that, soon after the action was instituted, the agent of defendant company presented a number of back receipts to witness, claiming that, in the pressure of business, he had failed to have them signed, and induced the doctor, by inadvertence, to sign for the message sued on, although the doctor told the witness that he would not sign a receipt for that date, as no such message had been received.

We find no reason for disturbing the results of the trial, and the judgment in plaintiff's favor must be affirmed.

No error.

WALKER, J., concurring: The defense set up is that "no written claim for damages was presented to the company within sixty days after filing the message for transmission, as required by the contract." We have held this stipulation to be a reasonable one; but it should be enforced reasonably, and not harshly to defeat a just claim. It does not apply if the suit for damages is commenced within the sixty days. *Sherrill v. Tel. Co.,* 109 N. C., 527; *Bryan v. Tel. Co.,* 133 N. C., 604. Whether those cases were properly decided is a question we need not discuss, as the condition now is that this case should be exempted from the operation of the rule established by those cases, by reason of its special facts. The object of this provision in the contract is to inform the company of its default, to the end that it may make seasonable investigation of the matter before the proof is lost by lapse of time.

The ground alleged for exempting this case from the operation of the rule, as to the suit being itself equivalent to presenting a claim, is that there were two telegrams, and there was no written claim presented for failure to deliver the one filed with the company 30 October, 1910, while there was such a claim made as to the one filed 4 November, 1910. According to the above cited cases, the suit would be notice as to both, unless, as defendant now contends, the filing of a claim as to one should prevent it from being so. It is urged that this should be so, because the conduct of plaintiff was apt to mislead the defendant. If the fact that plaintiff was in fact misled, and not merely apt to be misled, should take the cases out of the rule, it was incumbent upon the defendant to plead and prove the fact. This must be so, as if a suit is a notice of the claim, it must continue to be so, unless some valid reason is shown in the regular course of procedure why it should not be. The burden was not on the plaintiff to show why that, which this Court has said is a sufficient compliance with this stipulation, is not so, but this burden rested on the defendant; and I take it that this burden would not be adequately discharged by simple proof that two telegrams were involved, instead of one, unless it was alleged and shown that the defendant was actually misled to its prejudice, and not merely that there was a chance of its being misled. There was no allegation in the answer as to this material matter, which it is contended avoided the effect of the suit as notice, the averment being that no written notice of claim was given, as required by the contract; nor was there any issue tendered or submitted that fairly embraced it, unless it was the fourth issue, and there was no request for instructions as to this issue, but only as to the issue concerning damages, which is the fifth, and the question of notice was not germane to that issue. But apart from all this, the proof tends to show, not that the defendant was misled by the claim as to one of the messages, but, on the contrary, that it well knew of the default as to the telegram of 30 October, as its agent at Andrews asked Dr. Morrow to "sign for the message" on the delivery sheets, "so that his books would show up and make it all right for him," which the doctor agreed to do, upon the express promise of the agent that his acknowledgment of its receipt should not be dated as of 30 October, 1910, but should bear the true date, the doctor testifying that the message of 30 October was not delivered until some time after that date. Besides, the delivery sheet was still in the company's possession after the suit was brought, and itself showed the default, until the doctor "signed for the message." This proved full knowledge of the facts, on the part of the company, through the agent who handled the messages, and the possession of its own record of the facts, viz., the "delivery sheet" on which the default clearly appeared. If the *Sherrill* and *Bryan* decisions are not to be overruled—and I do

not think it necessary that they should be, in order to sustain the judgment—there is no reason for excepting this case from the operation of the rule they established.

I may add that in *Sherrill's case,* at p. 532, it was held that when the message is not delivered, the claim for damages may be filed, or the suit brought, within sixty days *after knowledge* of that fact, and "if defendant wishes to insist that plaintiff did not give notice of his claim within sixty days after knowledge of the nondelivery, he must set this up by answer." This is a case of nondelivery, and it is not alleged or found as a fact when plaintiff had notice of nondelivery.

BROWN, J., dissenting: The issues and findings of the jury are as follows:

1. Was the defendant Western Union Telegraph Company negligent in the transmission and delivery of the telegram dated 30 October, 1910, as alleged in the complaint?    Answer: "Yes."

2. If so, was the plaintiff injured thereby?  Answer: "Yes."

3. Was the defendant Western Union Telegraph Company negligent in the transmission and delivery of the telegram dated 4 November, 1910, as alleged in the complaint?  Answer: "No."

4. If so, was the plaintiff injured thereby?  Answer: "No."

5. What damage, if any, is the plaintiff entitled to recover?  Answer: "$300."

It is thus seen that the jury passed on two causes of action, one based on the failure to deliver the telegram on 4 November, 1910, and the other on the failure to deliver the telegram of 30 October, 1910. It is admitted that the plaintiff filed with the defendant within the sixty days a notice in writing that he claimed damages for failure to deliver the telegram of 4 November. It is admitted that the plaintiff did not file any written claim for damages based on the telegram of 30 October, 1910. I am of opinion that this omission is fatal to a recovery on that cause of action.

It is well settled in this State that the stipulation that the company will not be liable unless the claim is presented in writing and within sixty days is not a stipulation restricting the liability of the telegraph company for negligence, but is a stipulation rather against the neglect of the plaintiff in *not making known his cause of complaint* within a reasonable time. This is held to be a most reasonable requirement, and, unless it is complied with, bars a recovery. *Sherrill v. Tel. Co.,* 109 N. C., 527; *Lytle v. Tel. Co.,* 165 N. C., 505; Jones on Telegraph and Telephone Companies, sec. 393.

It is clear from these authorities that this Court recognized the justness of this stipulation in order that the company may have notice while the transaction is fresh that there has been a default, and that such

default has resulted in damages, so that it can make an intelligent inves-
tigation to ascertain if the claim is just, and, if not just, prepare its
defense. It is contended that the fact that this action was commenced
within the sixty days is a full compliance with the stipulation.

It is held in *Bryan v. Tel. Co.,* 133 N. C., 604, that a summons served
on a telegraph company within the time stipulated in the telegraph
blanks for making claim for damages is equivalent to the presentation
of the claim within that time.

It is not necessary that I should controvert what is there held, for in
my opinion there is quite a distinction between that case and this. If
the plaintiff had only one cause of action, based on a failure to send one
telegram, or for negligence in delivering that telegram, the principle
laid down in *Bryan's case* might apply. In this case the plaintiff pre-
sented to the defendant company a claim for damages in writing, based
upon a failure to transmit and deliver the telegram of 4 November.
That notice is dated 16 November, 1910, and specifically confines the
plaintiff's demand for damages to the negligent failure to promptly
deliver the telegram dated 4 November, 1910. That notice was delivered
to the defendant's agent on 16 December, 1910. The summons in this
action is dated 16 December, 1910, and was served the same day. The
complaint was not filed until 4 April, 1911. The defendant had a right
to suppose that the action was brought to recover damages, the claim for
which, based on the telegram of 4 November, had that day been delivered
to its agent. The defendant had no notice whatever and no right to sup-
pose that the plaintiff was suing upon a cause of action relating to the
telegram of 30 October. The fact that the claim in writing for damages
had been presented to the defendant's agent on the very day that the
summons was issued and served was well calculated to mislead the de-
fendant's agent and to cause him to suppose that the cause of action sued
upon was the failure to deliver the telegram of 4 November.

It is plain to me that where several messages, handled perhaps by dif-
ferent agents, are involved, the company acquires no information from
the mere service of a summons such as is issued out of our courts from
which it can determine on which message the suit is based, or make any
intelligent investigation which will enable it to decide whether the claim
is just, or prepare a defense to the action.

It is admitted that where a summons has been issued and no complaint
filed, it is not a *lis pendens,* and that evidence is incompetent to show
what the cause of action was. This is expressly held by *Mr. Justice
Walker* in *Person v. Roberts,* 159 N. C., 168, in which he cites many
supporting authorities.

Instead of the summons being any assistance to the defendant, it was
positively misleading. When the plaintiff presented his claim for dam-

ages in writing, based on the telegram of 4 November, exclusively, the defendant had a right to suppose that if the plaintiff had any other cause of action against him, or any other claim for damages, he would have embraced that in his written demand, also.

The fact that he made claim for only one cause of action would lead the defendant to believe that the plaintiff had no other. Consequently, when the summons was served on the same day, immediately after filing the written claim, any reasonable person would have supposed that the action was brought solely for the purpose of enforcing the written demand which had been made on the same day.