(230) Civil action to recover damages for negligence on part of the defendant telegraph company.
There was evidence on part of plaintiff tending to show that, on 30 October, 1910, plaintiff, whose son was very ill at his home in said county, sent a telegraphic message from Nantahala, N.C. to Dr. Morrow, at Andrews, importing urgency, and same was not delivered, and by reason of such failure the doctor did not attend in response to said message. Later, on 4 November, plaintiff sent another message to the doctor, still more urgent, and it was claimed there was negligence in delivering this message, by reason of which the doctor's arrival was delayed from about 8 a. m. to 2 p. m. of same day, 4 November; that this boy was in a dying condition when the doctor arrived, and died the second day after the last message was sent.
There was a verdict for the plaintiff as to negligent failure to deliver the first message, 30 October, and for defendant as to second message, 4 November, and damages assessed at $300.
Plaintiff introduced a written notice, of date 16 December, 1910, containing claim for damages in $2,000, for negligent failure to deliver the message of 4 November, and further, the summons in the present action, issued 16 December, 1910, and complaint, regularly filed therein, at the next term of Superior Court, 4 April, 1911, claiming damages for negligence in case of both messages.
Judgment on the verdict for plaintiff, and defendant excepted and appealed.
After stating the case: Our cases on this subject are to the effect that the ordinary and usual stipulation, requiring that claims for damages, arising from the company's negligence in the transmission or *Page 285 
delivery of a telegraphic message, shall be made in writing and within sixty days from the sending, is a reasonable one, except, perhaps, in certain instances, where there is an entire failure to deliver and they also hold that when an action for such negligence is instituted within the sixty days the giving of such notice is dispensed with, and a failure in this respect is not then available as a defense. This was fully recognized in Sherrill v. Tel. Co., 109 N.C. 527, and expressly decided in the subsequent case of Bryan v. Tel. Co., 133 N.C. 604.
In the present instance the message on which recovery has been had was received for transmission on 30 October, 1910. The action was instituted on 16 December following, and the case, therefore, comes directly within the principle of the decisions referred to, and we see no reason why the judgment should not be affirmed.
It is earnestly urged for defendant that not only was no written (231) notice filed within the sixty days, but the claim that was filed made demand on an entirely different message, towit, that of 4 November, and, to apply the principle of Bryan's case would operate with great harshness on the company, as it has been positively misled. But, on the facts in evidence, we are not impressed with this view. Even if it was sufficiently presented, the position would not, in our opinion, justify a departure from a principle established and acted on as the law of the State for the past fifteen years and more; but, on the record, we think that no such claim can be sustained. These stipulations have been upheld because it is deemed fair and right that the company shall be notified before the witnesses may disappear and while the facts may be made available by proper inquiry. We know that Nantahala and Andrews, villages on the railroad, have no such great amount of business that the facts relevant to a message of this character are likely to escape observation, and a perusal of the testimony will show that the action was instituted six weeks after the message was sent; that a complaint, giving specific notice of the demand, was regularly filed at the first term of the Superior Court thereafter and five months from such date, and not only was the defendant not deprived of opportunity to inquire, in this instance, by lapse of time, but there is uncontradicted evidence of the doctor, the addressee of the message, to the effect that, soon after the action was instituted, the agent of defendant company presented a number of back receipts to witness, claiming that, in the pressure of business, he had failed to have them signed, and induced the doctor, by inadvertence, to sign for the message sued on, although the doctor told the witness that he would not sign a receipt for that date, as no such message had been received. *Page 286 
We find no reason for disturbing the results of the trial, and the judgment in plaintiff's favor must be affirmed.
No error.