## J. R. NEWBERN v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 29 February, 1928.)

**1. Evidence—On Motion to Nonsuit—Demurrer to the Evidence.**

Upon defendant's motion as of nonsuit upon the evidence, the evidence is to be taken in the light most favorable to the plaintiff, giving him the benefit of every reasonable intendment or inference to be drawn therefrom. C. S., 567.

**2. Telegraphs—Contract with Sender—Claim to be Filed in Sixty Days.**

The printed stipulation on the back of a telegraph blank upon which a message is written, referred to in the printing on the face thereof, that the telegraph company would not be liable for damages or statutory penalties when the claim therefor is not presented in writing within sixty days after the message is filed with the company for transmission, is reasonable and valid.

**3. Same.**

Where a telegraph company receives for transmission a telegram ordering a carload of potatoes, and within the sixty days stipulated in the telegraph blank, the company is notified by a letter from the sender of its mistake in its transmission as to the destination of the shipment, and that damages had resulted therefrom: *Held*, sufficient to sustain the action of the sender to recover damages against the company for its negligence.

**4. Evidence—Presumptions—Receipt of Mail.**

Where a notice has been written and deposited in the United States mail, giving a telegraph company notice of a mistake made by it in the transmission of a message it had accepted for that purpose, it is sufficient evidence that it had been duly received by the company.

APPEAL by plaintiff from *Moore, Special Judge,* at October Special Term, 1927, of PASQUOTANK. Reversed.

This is an action for actionable negligence brought by plaintiff against defendant. The defendant denied negligence and set up (1) the plea of contributory negligence; (2) That the plaintiff failed to present his claim for damages in writing within 60 days after the alleged message was filed for transmission.

The testimony of plaintiff was to the effect that after an exchange of several previous messages, the West Virginia Brokerage Company, on 21 August, 1924, filed with defendant at Huntington, W. Va., a message addressed to plaintiff at Elizabeth City, N. C., reading as follows: "Replying ship Keister Milling Company *Huntington* hundred seventy-five bbl. car branded sweets eight quarter delivered." Said message when delivered by the defendant to plaintiff had a mistake—the word *Wilmington* was substituted for *Huntington.* When plaintiff learned of the error in the message he wired the West Virginia Brokerage Company, on 22 August, "Confirm Keister car sweets advise quick correct shipping instructions." The same day he got a reply to the wire: "Ship car Keister Milling Company C. and O. delivery Norfolk Western Norfolk splitting several people." That he didn't ship until he sent the second wire asking for specific instructions. After receiving the telegram reading *Wilmington,* he had the Western Union to read the telegram to see if Wilmington was right, because the next telegram read "splitting several people." After he had wired and got specific instructions and shipped potatoes, he did not find out that anything was wrong about the shipment until 25 August, 1924. . . . "I didn't ship by C. & O. delivery; I didn't route it C. & O. C. & O. is Chesapeake & Ohio. I disregarded C. & O. delivery for the simple reason I shipped the car order notify. I didn't give it any route. I wired the West Virginia Brokerage Company on 22 August: 'Shipped N. & S. 21312, Routed B. & O.,

delivery Wilmington, Ohio.' I wrote that wire. I didn't route the car B. & O. delivery. That was the routing the agent advised me the car would take. And I wired the West Virginia Brokerage Company that the car was being routed that way; I disregarded their instructions to ship it C. & O. delivery. I didn't send it C. & O., notwithstanding I had their telegram telling me to ship it C. & O. I gave the agent instructions to ship it C. & O., and he said he could not do it. He gave it B. & O. routing."

On 2 September, 1924, plaintiff wrote to defendant's agent at Elizabeth City the following letter: "This is to advise that we are having disposition made of sweet potatoes in car NS-21312, consigned to Wilmington, Ohio, through error of Western Union, whereas the car should have gone to Huntington, W. Va. All losses sustained and all additional expenses we have had or will have in connection with closing this car we shall expect the Western Union to reimburse us. It is with regret that through error of the Western Union that the wrong shipping instructions were made, as the parties to whom this car was sold was put out by not getting their potatoes, and it has caused us much expense and trouble in disposing of this car. We shall advise you as early as we have returns on this car, and shall expect you to let us have settlement. We are sorry indeed, but we cannot be expected to sustain this loss through an error of your company."

Again, a letter of 25 October, 1924, calling attention to the error of defendant, enclosing bill and showing loss of $652.27. Then again on 31 October, 1924, repeating and winding up the letter: "Trust this information will be what you wish, and that you will insist that prompt settlement be made so that we may make settlement with the grower of these potatoes."

At the close of plaintiff's evidence defendant made a motion for judgment as in case of nonsuit, which was sustained by the court below. Plaintiff excepted, assigned error and appealed to the Supreme Court.

*Aydlett & Simpson for plaintiff.*
*Thompson & Wilson for defendant.*

CLARKSON, J. We think the court below was in error in sustaining defendant's motion for judgment as in case of nonsuit, under C. S., 567. On a motion to nonsuit, the evidence is to be taken in the light most favorable to plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

We do not repeat or discuss the evidence, as the case goes back to the court below to be tried on the issues arising on the pleadings.

We think the notice given by plaintiff to defendant, in letter of 2 September, 1924, fully ample under the terms of the contract. The Western Union Telegraph Company blank has the following: "Send the following message, subject to the terms on the back hereof, which are hereby agreed to." (Space for telegram.) And on back of telegram: "6. The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission." This stipulation has been held reasonable and valid. See *Waters v. Tel. Co.,* 194 N. C., at p. 196, and authorities cited.

*Mr. Justice Holmes,* in *Western Union Tel. Co. v. Czizek,* 264 U. S., at p. 285, says: "But here the plaintiff called on Hackett, the general manager at Boise, about 14 February, 1918, as soon as he knew the facts. Directly after he received a letter from Hackett, regretting the occurrence, and enclosing the amount paid by the plaintiff as toll. Three days later the plaintiffs returned the check by letter, saying, 'An acceptance of this check on my part might be construed as a settlement of this matter,' so that defendant then had written notice that a claim was made. There was further communication, and finally, on 18 June, the plaintiff made a formal written demand. We should be unwilling to decide that the action was barred by this clause."

In *Bennett v. Tel. Co.,* 168 N. C., at p. 498-9, it is said: "The object of the sixty days notice, as stated in *Sherrill v. Tel. Co., supra* (109 N. C., 527), is to give the telegraph company notice within sixty days, before its records may be sent off or the memory of its agents becomes indistinct. This letter was sufficient to recall the matter to the attention of the agent at Hamlet, and was mailed within sixty days. *Lytle v. Tel. Co.,* 165 N. C., 504. Such mailing raised the 'presumption that the letter was received, and therefore was duly served.' *Cogdell v. R. R.,* 132 N. C., 855, citing *Bragaw v. Supreme Lodge,* 124 N. C., 154."

In *Bryan v. Tel. Co.,* 133 N. C., at p. 607, it is held: "The third ground that the claim for damages was not presented in sixty days is answered by the fact that the summons was issued and served in sixty days. *Sherrill v. Tel. Co.,* 109 N. C., 527, at p. 532, where it is held, 'the general rule that the commencement of an action is equivalent to a demand applies to cases of this kind.' Thompson on Elec., sec. 256. . . . The service of the summons puts the defendant on inquiry fully as much as filing the complaint." *Mason v. Tel. Co.,* 169 N. C., p. 229.

For the reasons given the judgment of the court below is

Reversed.